MINNKOTA POWER COOPERATIVE, INC., Plaintiff,

v.

Joseph C. SWIDLER, David S. Black, L. P. O'Connor, Jr., Charles R. Ross and Harold C. Woodward, Members of the Federal Power Commission, Defendants.

Civ. No. 4008.

United States District Court
D. North Dakota,
Northeastern Division.

Sept. 13, 1963.

Einar Johnson, of Johnson & Johnson, Lakota, N. D., for plaintiff.

Howard E. Wahrenbrock, Sol., Federal Power Commission, Washington, D. C., for defendants.

RONALD N. DAVIES, District Judge.

On September 11, 1963, the Plaintiff, Minnkota Power Cooperative, Inc., filed

a complaint in this Court asking, among other things, that the Defendants, members of the Federal Power Commission, be enjoined from proceeding with an order to show cause the Federal Power Commission had issued on July 22nd, 1963, directed to Plaintiff, among others, which would require Plaintiff to show cause why it should not be required to comply with the requirements of the Federal Power Act, 16 U.S.C., § 791a et seq.

Plaintiff further asks this Court for a declaratory judgment, adjudging the Federal Power Commission has no jurisdiction over the Plaintiff, Minnkota Power Cooperative, Inc.

The Federal Power Commission's order provided for a public hearing on October 22nd, 1963, with the service of direct testimony by all parties September 20th, 1963; service of rebuttal testimony by all parties October 10, 1963; service of motions to strike testimony by all parties October 16, 1963; and service of answers to motions to strike by all parties October 21, 1963.

Plaintiff's counsel requested this Court's order to show cause why the Federal Power Commission and its agents should not be restrained and enjoined, during the pendency of the action filed in this District, from proceeding with the Federal Power Commission's order to show cause dated July 22nd, 1963.

The matter was argued orally in this Court by counsel for Minnkota Power Cooperative, Inc., and counsel for the Federal Power Commission on September 13, 1963, Plaintiff's counsel requesting a restraining order and Defendants' counsel resisting the request and moving to dismiss the case for lack of jurisdiction and for the further reason that Minnkota Power Cooperative, Inc., had failed to exhaust its administrative remedies.

The jurisdictional issue presented here is the precise question the Federal Power Commission is seeking to determine by its own order to show cause directed to Minnkota. Should the Commission after hearing decide adversely to Minnkota, such determination is subject to judicial review under Section 825*l*(b) of the Act.

It is, I think, for the Federal Power Commission to determine whether Minnkota falls within the purview of the Act subject to judicial review. Any other determination would result in a multiplicity of actions by every power company over which the Commission sought to determine the issue of jurisdiction.

The law appears well-settled that in a case such as this the orderly administration of justice requires the Plaintiff to exhaust its administrative remedies in the first instance and to exercise its right of appeal to the courts from any final ruling of the Federal Power Commission by which Plaintiff feels aggrieved.

The request of the Plaintiff for an order to show cause directed to the Federal Power Commission and for a restraining order must be, and it is hereby denied.

The motion of the Defendants for dismissal of the action for lack of jurisdiction must be and is hereby granted, without costs to any party.