**SOUTH CENTRAL RURAL ELECTRIC COOPERATIVE, INC., Plaintiff,**

v.

**Joseph C. SWIDLER, Howard Morgan, L. P. O'Connor, Jr., Charles R. Ross, and**

**Harold C. Woodward, Members of the Federal Power Commission, Defendants.**

Civ. No. 6783.

United States District Court
S. D. Ohio, E. D.

Dec. 2, 1963.

George, Greek, King & McMahon, Darold I. Greek, Robert Mone, David A. Johnston, Jr., Columbus, Ohio, for plaintiff.

Joseph P. Kinneary, U. S. Atty., Southern District of Ohio, Columbus, Ohio, Howard E. Wahrenbrock, Sol., Federal Power Commission, Washington, D. C., Jane R. Mapes, Atty., Federal Power Commission, for defendants.

UNDERWOOD, District Judge.

On August 28, 1963, South Central Rule Electric Cooperative, Inc., hereinafter referred to as South Central, the plaintiff herein, filed a complaint in this court asking inter alia, that the members of the Federal Power Commission, hereinafter referred to as the Commission, the defendants herein, be enjoined from proceeding with a certain order to show cause why respondents (South Central, et al.) should not be required to comply with the requirements of the Federal Power Act issued by the defendants on July 22, 1963, docket No. E–7113. The aforementioned order requires plaintiff, among others, to show cause, if any it has, why it should not be required to comply with the requirements of the Federal Power Act pursuant to Title 16 U.S.C. § 791a et seq.

South Central further asks this Court for a declaratory judgment, adjudging that the Commission has no jurisdiction over the plaintiff, South Central.

The Order of the Commission provides for service of direct testimony by all parties on September 20, 1963; service of rebuttal testimony by all parties on October 10, 1963; service of motions to strike testimony by all parties on October 16, 1963; service of answers to motions to strike by all parties on October 21, 1963; and a public hearing on October 22, 1963.

Subsequent to the filing of the complaint, the matter of the application for a preliminary injunction came on for hearing before this Court on September 12, 1963. South Central appeared by counsel and urged that an injunction issue, and counsel for the Commission resisted said issuance and moved the Court to dismiss the case for lack of jurisdiction and for the further reason that South Central has failed to exhaust its administrative remedies.

The issue now before this Court is the same jurisdictional issue that is before the Commission. The Commission is, by way of its show cause order, attempting to determine whether or not South Central comes within the purview of the Federal Power Act. The very nature of the Commission's show cause order indicates that it has not assumed jurisdiction over South Central. Should the Commission enter an order adverse to South Central, such determination is subject to judicial review under Section 825*l*(a) of the Federal Power Act.

This Court is of the opinion that orderly administration of justice requires the Commission to determine whether or not South Central comes within the purview of the Federal Power Act in the first instance. If South Central is dissatisfied with the determination of the jurisdictional issue by the Commission, it should then exercise its right of appeal to the courts from any final ruling of the Commission. Any other determination would result in a multiplicity of actions by every power company over which the Commission sought to determine the issue of jurisdiction.

Accordingly, plaintiff's request for a preliminary injunction is denied and the motion of the defendants for dismissal of the action for lack of jurisdiction must be and is hereby granted.