*Southern District*

No. 61

**ANGELICA M. SANFT, ET AL**

v.

**JOHN D. ENOLE**

Argued: Apr. 24, 1973 - Decided: Dec. 6, 1973

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried to *Silva, J.* in the Second District Court of Bristol, No. 37,064.

**Lee, J.** This is an action in tort to recover for property damage to the plaintiffs' automobile, which was lawfully parked on a public way in Fall River, Massachusetts on February 23, 1972 and was struck by the defendant's car. The plaintiffs are owners of the car and at the time of the accident were Massachusetts residents. The defendant at the time of the accident was also a Massachusetts resident. At the time of the accident both the plaintiffs and the defendant were insured in accordance with G.L. c. 90, § 34-0. Both parties elected to have coverage under provision 3 of that section entitled, "No Coverage for Own Car".

The foregoing facts were agreed on and stipulated at a hearing on the defendant's motion to dismiss. The trial justice denied the motion and reported the case to this Division for decision.

The issue is whether or not a plaintiff, who has coverage 3 in accordance with the provisions of G.L. c. 90, § 34-0, and who sustained damages to his automobile in a Massachusetts accident, can maintain an action against a Massachusetts defendant who also has coverage 3 in accordance with G.L. c. 90, § 34-0.

We think the defendant is exempt from suit regardless of whether or not he elects the provision 3 of Chapter 90, Section 34-0 (No-fault Insurance Act), General Laws of Massachusetts.

The intent of the Legislature seems to be clear that under the provisions of Chapter 90, Section 34-0, General Laws of Massachusetts, any person would be exempt from suit whether or not he accepted any optional clauses. See also *Massachusetts Quarterly,* Volume 56, No. 4, Pages 450, 451.

The opening sentence of Section 34-0 clearly spells out that every person must have in force a property protection insurance.

The No-Fault Insurance statute has been held constitutional by the Supreme Judicial Court despite a many-faceted attack on its provisions. *Pinnick* v. *Cleary,* 1971 AS 1129.

There are no cases interpreting this particular provision of the statute, but in this lengthy decision the Court points out that the statute bears a rational relationship to the legitimate legislative objectives among which are: relieving of court congestion, paring the high cost of automobile insurance and eliminating minor claims.

At least six other states have already adopted some form of "no-fault" automobile insurance plan and many other states are considering similar proposals.

The basic idea is that a person, incurring damage in an automobile accident, can recover at least some compensation directly from his own insurance company, instead of having to wait for the determination of fault or legal responsibility for the accident, and, therefore, should not have to sue for this compensation or be sued by a similarly covered insured. See 42 ALR 229 for a thorough discussion of "No-Fault" Automobile Insurance Plans.

Furthermore, under Section 3, Paragraph 4 of Chapter 90, Section 34-0 of the General Laws of Massachusetts, the Act itself says, "Every owner, authorized operator or other person legally responsible for the operation of any vehicle to which this section applies, regardless of the coverage option or deductible options elected by the policy holder, shall be exempt from all liability every property protection insurance policy holder and his insurer might otherwise have been entitled to claim, by subrogation or otherwise, for accidental loss of or damage to any vehicle to which this section applies."

The motion should have been allowed. **So Ordered.**

ENTIN & ENTIN of New Bedford
 for Plaintiffs
DESMARAIS, CAREY & BURKE of New Bedford
 for Defendant