## No. 102
## CARMELLA KULCH
### v.
## RALPH E. JONES, JR.

Argued: July 1, 1975. Decided: October 10, 1975.

Case tried to *Brown, J.,* in the District Court of Western Norfolk. Number: 32921.

Present: Murphy, P.J., Lee, Tamkin, J.

**Lee, J.** This is an action of tort to recover for damages caused to the plaintiff's motor vehicle. The answer is a general denial and as a special defense the defendant has pleaded that the plaintiff is not qualified under G.L. c. 90, §34-O to bring an action of tort for property damage arising out of a motor vehicle accident.·

The case was submitted on an agreed statement of facts, as follows:

The plaintiff was the registered owner of a 1970 Chevrolet Impala Coupe on June 27, 1973 that was involved in an accident on that date on Pond Street, Franklin, Massachusetts with a vehicle owned and operated by the defendant.

The parties were residents of Massachusetts. The plaintiff had a residence at 434 Pond Street, Franklin, Massachusetts, and the defendant had a residence at 14 Adams Road, Ashland, Massachusetts. The vehicles involved were private passenger motor vehicles as classified and established by the Commissioner of Insurance. On the date of the accident the plaintiff vehicle had Massachusetts Registration plates numbered R7041 for the year 1973 attached to the vehicle, and was insured under a Massachusetts insurance policy by the Quincy Mutual Fire Insurance Company at the time of the accident involving the defendant vehicle.

The defendant vehicle had a California registration plate numbered RGC-754 for 1973 attached thereto and was temporarily registered in California and not registered in Massachusetts at the time of the accident. The Massachusetts registration was never transferred to the newly acquired Plymouth up to and including the date of the accident. The defendant's vehicle was insured under a Massachusetts insurance policy issued by the Amica Mutual Insurance Company at the time of this accident. The Quincy Mutual Fire Insurance Company, by virtue of payment under a collision policy to the plaintiff became subrogated to the rights of the plaintiff and has brought this action in the name of the plaintiff against the defendant.

The defendant owned and registered a 1970 Volkswagen motor vehicle in Massachusetts on January 1, 1973, registration number 528210. The defendant thereafter went to the State of California, sold the

1970 Volkswagen and purchased a 1962 Plymouth, both transactions taking place on April 6, 1973. California law prevented the defendant from transferring the Massachusetts registration plates from the Volkswagen to the newly-acquired Plymouth, and the defendant was required by the Registry officials for the State of California to obtain a temporary California registration plate for the Plymouth to enable the defendant to return to Massachusetts and that the dealer who purchased the Volkswagen from the defendant would forward the Massachusetts registration plates previously on the Volkswagen to the Registry of Motor Vehicles in Massachusetts, cancelling the Massachusetts registration. The defendant complied and obtained the temporary California registration plate which was California registration number RGC-754 for the year 1973. The certificate which accompanied the temporary plates had the following notation, "Temporary Identification No. 5860265", and inscribed on the certificate was the following notation, "Note, this temporary identification must be affixed to the vehicle before delivery to the purchaser". The defendant subsequently returned to Massachusetts at the end of April, 1973 and thereafter the accident involving the plaintiff and the defendant's vehicle took place at a time when the temporary California registration plates were attached to the defendant vehicle and before the defendant's Plymouth had been registered in Massachusetts. The only insurance policy ever issued on the 1970 Volkswagen and the 1962 Plymouth was a Massachusetts policy issued by Amica Mutual Insurance Company and when the Volkswagen was sold an endorsement was added to the policy transferring the policy coverage to the newly-acquired Plymouth.

The court found for the defendant.

The plaintiff claiming to be aggrieved by the failure of the court to act on its requests for rulings of law and its finding for the defendant claimed a report to the Appellate Division.

The issue before this Division is whether or not the plaintiff is barred from bringing this action against the defendant under the provisions of G.L. c. 90, §34-O (No Fault Insurance Act) which provides compulsory property protection for all registered motor vehicles.

The case comes to us on an agreed statement of facts and therefore is a "case stated" and requests for rulings of law have no standing and are not required to be acted upon by the trial justice. *Howland v. Stowe,* 290 Mass. 142, 146. *Antoun v. Commonwealth,* 303 Mass. 80, 81. *Redden v. Ramsey,* 309 Mass. 225, 227.

In 1970 the Massachusetts legislature enacted the Personal Injury Protection Act (No Fault Insurance) to take effect on January 1, 1971. This statute applied only to recovery for personal injury; it did not cover property damage. The purpose behind the personal injury "no fault" provisions is to permit the victim of an automobile accident to recover most of his out-of-pocket losses (e.g. medicals, lost wages) up to the amount of $2000.00 without the necessity of establishing negligence or other fault on the part of anyone, and, in most cases despite the fact that the victim's negligence may have caused or contributed to his injury.

In 1971 the Legislature extended the concept of no fault to cover property damage. *See pertinent provisions.* G.L. c. 90, §§34A, 34M, 34-O.

The plaintiff argues that on the basis of the agreed facts, the motor vehicle operated by the defendant at the time of this accident was clearly registered in the State of California and not registered in the Commonwealth of Massachusetts and therefore he is entitled to bring this action against the defendant. The plaintiff further argues that registration is the controlling element and since the defendant's car was not registered in Massachusetts he is not protected by the "No Fault" Insurance Act.

We disagree. Nowhere does the statute state that private passenger vehicles, having in force, a motor vehicle liability policy must be registered in the Commonwealth of Massachusetts. See also *Bruno v. Seymour*, 303 N.E. 2nd 358 and *Sanft v. Enole*, 53 Mass. App. Dec. 86. In both of these recent cases the courts did not state that registration was mandatory in Massachusetts in order to have the protection of the statute.

We think the controlling element in this case is whether or not the defendant is insured in Massachusetts according to this statute regardless of where the vehicle is registered. It is apparent from the facts that he is insured in Massachusetts and that he falls under the protection of the "No Fault" Insurance Statute. The pertinent provision protecting the defendant from suit is spelled out in Chapter 90, Section 34-O, Subsection 3, Paragraph 5 which states, "Every owner, authorized operator or other person legally responsible for the operation of any vehicle to which this section applies, regardless of the coverage option elected by the policy holder, shall be exempt from all liability, every property protection insurance policy holder and his insurer might otherwise have been entitled to claim, by subrogation or otherwise, for accidental loss of or damage to any vehicle to which this section applies . . . . . . ".

It is clear that the plaintiff cannot maintain this action against the defendant because of the provisions of this statute and further he does not qualify under any of its exemptions.

There being no prejudicial error, the report is dismissed.