ESSEX COMPANY *vs.* ATLANTIC ENTERPRISES, INC. February 14, 1978. The defendant has appealed from a judgment for the plaintiff for the

dollar equivalent of three years of the perpetual annual rent reserved by the plaintiff with respect to the mill powers which are annexed to a portion of the defendant's land. See *Essex Co.* v. *Goldman*, 357 Mass. 427, 428-432 (1970). Only two points need be considered. 1. The proposals involved in the present case are virtually identical to those considered in *Whiting Paper Co.* v. *Holyoke Water Power Co.*, 276 Mass. 542 (1931), and the argument advanced by the defendant in support of its sixth defence and its first counterclaim is effectively foreclosed by the decision in that case. 2. The plaintiff does not have a license from the Federal Power Commission (FPC) under the provisions of 16 U.S.C. § 817 (1970) to operate or maintain its dam or its system of locks and canals. The common predicate of all the arguments advanced by the defendant in support of its third through fifth defences and its third counterclaim is that the plaintiff was and is required to have such a license. Whether any such license was or is required is the core question which will have to be decided by the United States Court of Appeals for the First Circuit on the petition which the plaintiff has filed there for review of the 1976 order of the FPC which purports to require the plaintiff (as well as the defendant) to apply for such a license. The resolution of that question lies within the exclusive jurisdiction of the Court of Appeals, subject only to possible review by the United States Supreme Court. 16 U.S.C. § 825 l (b) (1970). *Tacoma* v. *Taxpayers of Tacoma*, 357 U.S. 320, 334-337 (1958). *South Cent. Rural Elec. Coop.* v. *Swidler*, 228 F. Supp. 875, 876-877 (S.D. Ohio 1963). *Minnkota Power Coop.* v. *Swidler*, 228 F. Supp. 968 (D.N.D. 1963). Compare *North Carolina* v. *FPC*, 393 F. Supp. 1116, 1121-1122, 1127-1128 (D.N.C. 1975). It was not the province of the Superior Court to speculate as to how that question might ultimately be resolved by the Court of Appeals (*Bay State Stevedoring Co.* v. *Boston & Me. R.R.*, 340 Mass. 512, 516-517 [1960]), even though the time for filing a petition for review in the latter court had not yet arrived. See *Carey* v. *O'Donnell*, 506 F.2d 107, 110 n.18 (D.C. Cir. 1974), cert. denied, 419 U.S. 1110 (1975). Accordingly, in the absence of any request by the defendant for a stay of the proceedings, the Superior Court judge was correct in refusing to entertain any of the defendant's third through fifth defences and in refusing to grant the declaratory relief requested by the defendant's third counterclaim. See G. L. c. 231A, § 3; *Mazzola* v. *Myers*, 363 Mass. 625, 633-634 (1973). 3. The defendant's first defence and its second counterclaim have not been argued and are considered waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

BROWN, J. (concurring). This is another case in a long line where a party accepts the benefits of a contract for a period of time and then refuses the burdens (i.e. payment) because of an alleged irregularity in the agreement which has nothing to do with the adequacy of the considerations. I remain troubled that courts of equity are asked to intervene in matters of this sort.

*Gerald Gillerman* for the defendant.
*Reginald H. Howe* (*Daniel O. Mahoney* with him) for the plaintiff.