Sherman, P.J.
This is an action in contract in which the plaintiff seeks to recover damages under the terms of an instrument of guaranty executed by the defendant.
The defendant, Martha Dewar, denied the execution and delivery of the instrument, which purported to guarantee the performance of two (2) written equipment leases. As additional defenses, the defendant further pleaded lack of consideration and the failure of the plaintiff to exercise such due diligence as was required of it for purposes of mitigating the defendant’s damages.
The matter was submitted to the court upon the following handwritten “Agreed Statement of Facts” executed by counsel for both parties:
1. Eaton is a leasing corporation and Dewar is guarantor under a Guaranty dated May 9,1984.
2. Eaton entered into a lease with United Vending Inc., for a copier on October. 16,1983 for $6,421.58.
3. United made six payments on one lease, which payments totaled $1,070.28 leaving a balance due of $5,351.40 plus late fees of $18.79, for a total of $5,370.14.
4. United did not pay any more funds to Eaton and Eaton repossessed one copier on July 10,1984 and sold same for $2,500.00 on or about August 8,
1984. The balance thereafter was $2,870.14.
5. On September 25,1984, Eaton notified Dewar of a deficiency of $3,768.14 (see Exhibit #2 of Dewar’s Response to Notice to Produce).
6. On or about May 9,1984, United executed a second lease for a phone system with United Vendor (sic, Eaton Financial) in the total amount of $9,982.44.
7. United made two payments under said lease for total of $554.58, leaving an unpaid balance of $9,427.86.
8.ThedefendantlefttheemployofUnitedinAugust, 1984. At that time the collateral under the lease was at the site.
9. On or about September 25,1984, Eaton notified Dewar of a deficiency of $10,497.14 (see Exhibit #2 of Dewar’s Response to Notice to Produce).
10. Eaton was unable to locate the collateral.
11. The only other communication in this matter prior to this action was a further notice of the balances due dated February 23,1989.
12. The lessee, United Vending, went out of business sometime in 1984 after September of that year.
*157 13. Dewar has made no payments in this matter.
14. If Eaton prevails, it is entitled to counsel fees of $2,000.00.
15. Attached hereto and made a part hereof are:
a. Lease dated 10/25/83
b. Lease dated 05/09/84
c. Guaranty dated 05/09/84
d. Notices of September 25,1984
e. Notices of February 23,1989
No other evidence was submitted.
Judgment was entered for the defendant
1. The parties’ submission of a statement of agreed facts upon which, exclusively, the issues in this case were to be resolved by the trial justice is more accurately characterized as the presentation of a “case stated.” Under such procedure, the parties agree upon all of the material, ultimate facts upon which the rights of the litigants are to be determined by the law. Frati v. Jannini, 226 Mass. 430, 431 (1917). The submission of a case stated entails a waiver by both parties of all procedural objections not affecting the court’s jurisdiction. Hull v. Adams, 286 Mass. 329, 333 (1934). Although the agreement should contain an express statement that all materialfacts are setforth, neither the omission of such statement, nor the caption on the agreement is automatically determinative of its status as a case stated. The agreement will be considered in its true light Scaccia v. Boston Elev. Rwy. Co., 308 Mass. 310, 311-312 (1941)) Frati v. Jannini, supra at 432.
Upon the submission of a case stated, the trial judge is obligated to order the correct judgment on the agreed facts. Quintin Vespa Co. v. Construction Serv. Co., 343 Mass. 547, 551-552 (1962). An appellate court is similarly bound to decide the case on the basis of the case stated, without regard to any conclusions drawn by the trial court. Boston Teachers Union v. School Comm. of Boston, 370 Mass. 455, 468, n.9 (1976); Foxborough v. Bay State Harness Horse Racing & Breeding Assn., 5 Mass. App. Ct. 613, 615 (1977).
Requests for rulings, DisL/Mun. Cts. R. Civ. P., Rule 64(b), which are designed to separate factual findings from legal rulings, have no standing in the adjudication of a case stated wherein, by definition, all material factual issues have been resolved by agreement. Kimball v. Medford, 340 Mass. 727, 728-729 (1960); Rock v. Pittsfield, 316 Mass. 348, 349 (1944). Our review of the instant appeal is thus undertaken without regard to either the plaintiffs requests for rulings or the trial court’s gratuitous disposition thereof. Commonwealth v. Town of Mattapoisett, 1983 Mass. App. Div. 131, 132.
2. It is evident that the defendant is a guarantor of the indebtedness at issue in this action. The defendant’s denial of the execution and delivery of the instrument of guaranty is vitiated by the first paragraph of the case stated. Second, the defendant’s failure to deny the genuineness of her signature as required by Dist./Mun. Cts. R. Civ. P., Rule8(b) constituted an admission that her signature was genuine. W.A. Robinson, Inc. v. Burke, 327 Mass. 670, 673 (1951).
With respect to the defendant’s claim that the instrument of guaranty fails for lack of consideration, we note that the guaranty was executed as a sealed instrument G.Lc. 4, §9A Consideration is conclusively presumed where the agreement is under seal and the obligor is bound by its terms. Kaplan v. Suher, 254 Mass. 180, 182 (1926).
3. The remaining defense advanced by the defendant is that the plaintiff did not exercise due diligence in the repossession and sale of the leased assets and thus failed to mitigate damages. In support of her argument, the defendant relies upon the G.Lc. 106, §9-504 requirement that seamed collateral be disposed of in a commercially reasonable manner. Indeed both parties appear to view this case as one governed by Article 9 of the Uniform Commercial Code. They are in error.
For purposes of Article 9 analysis, it is essential to distinguish between sales and *158 leases. See In Re Mariner Communications, 75 B.R. 242 (Bkrtcy. D. Mass. 1987). If a lease is actually intended as a “security,” G.Lc. 106, §1-201(37), then Article 9 of G.Lc. 106 applies in full. Article 9 is not applicable, however, to equipment leases for an agreed price where title to the property remains with the lessor and a re-delivery of possession of the property is required at the expiration of the lease term, unless the parties contemplated a sale, an option to purchase or the creation of a security interest. G.Lc. 106, §9-1-2 (2); McGuire v. Associates Capital Serv. Corp., 133 Ga. App. 408, 210 S.E.2d 862 (1974). The record in this case is devoid of any provision which can be reasonably construed as contemplating anything other than the creation of a simple lease as opposed to a “security interest” in collateral insuring payment or performance of an obligation. G.Lc. 106, §1-201(37).
Although Article 9 of the Uniform Commercial Code was inapplicable to the parties’ transaction, the plaintiffwas clearly obligated to exercise that degree of good faith and fair dealing implicitly required by all contracts. See G.Lc. 106, §1-203(4); Fortune v. National Cash Register Co., 373 Mass. 96, (1977). Any arbitrary or bad faith disregard by the plaintiff of its duty to mitigate damages would have theoretically entitled the defendant to a corresponding reduction of any liability imposed upon her under the guaranty.[1] The defendant contends that the lapse of time between the default in payments under the lease and the plaintiffs repossession of the leased property, as well as the plaintiffs failure to give her notice of the time and place of the sale, constituted a commercially unreasonable disposition of the leased property suggestive of the plaintiffs bad faith.
Paragraph 10 of the case stated indicates that some of the leased property was never repossessed or recovered by the plaintiff because it could not be located after United Vending, Inc. went out of business. Although the case stated and annexed exhibits are devoid of any reference to notice to the defendant of the time and place of sale of the remaining property, there is also nothing in the record to establish that the actual sale was not made in a commercially reasonable manner. No inference is warranted, for example, that a better price could have been obtained if the leased equipment had been sold at a different time or place, or in a different manner. Any suggestion of a better price would require impermissible conjecture as to the depreciation rate of copying equipmentand variations in office equipment supply markets. In short, there is nothing in the parties’ case stated to support a finding of wrongdoing with respect to the plaintiffs ultimate disposition of the equipment in question.
5. Accordingly, the plaintiff was entitled to recover the amount of the deficiencies set forth in the case stated, plus attorney’s fees as agreed upon by the parties.
The trial court’s judgment for the defendant is hereby reversed and vacated. Judgment for the plaintiff is to be entered in accordance with this opinion.

 The defendant failed, in any event, to file a counterclaim as mandated by Dist/Mun. Cts. R. Civ. P., Rule 13(1) (a). See generally, Essex Co. v. Atlantic Enterprises, 6 Mass. App. Ct. 844 (1978).