Turcotte, J.
This case was presented to theTrial Justice as acase stated. The plaintiffs deposited $9000.00 in 1985 with the defendant, a Worcester County Deputy Sheriff pursuant to G.L.c. 223, §128[2] in order to dissolve a real estate attachment obtained *161 against them in a civil action. The plaintiffs obtained a judgment in their favor in that civil action in July 1990 and thereafter requested the defendant Deputy Sheriff return the $9000.00 plus accrued interest.[3] The defendant paid over the $9000.00 to the plaintiff and refused to deliver the interest. The plaintiffs brought this action seeking the interest from the defendant deputy sheriff and the trial justice found for the defendant.[4] The plaintiffs claim to be aggrieved by the Trial Justice’s decision.
“Upon the submission of a case stated, the trial judge is obligated to order the correct judgment on the agreedfacts.” Eaton Financial Corporation v. Martha Dewar, 1990 Mass. App. Div. 156. We are also bound to decide the case on the facts stated without regard to the conclusions of the trial court.
The defendant has presented no persuasive argument and cites no authority for his action in retaining the accumulated interest. He has argued only that he has incurred some costs in holding the money.
The fees paid to a Deputy Sheriff are set out by statutes and G.L.c. 262, §8 (6) lists the fees that he may receive with respect to attaching real estate. The fact that the statute allowing the deposit to release an attachment doesn’t answer the question as to who owns the interest accumulated is not sufficient reason to allow the defendant to retain it when the defendanf s fees are clearly set out and provided for. We find that the plaintiffs are entitled to the accumulated interest, and enter judgment for the plaintiffs on count HI; other counts treated as waived.

 That section read as follows in 1955: “A defendant may dissolve an attachment by depositing with the attaching officer an amount of money at least to the amount of the ad damnum in the complaint which the officer shall hold in place of the property attached and which shall be subject to be disposed of in the same manner.”

 The parties agreed on the amount of the accrued interest while on deposit and held by the defendant as $2067.57.

 The defendant had retired as a Deputy Sheriff in 1987 and has retained the interest in his possession.