WILLIAM S. COSTA *vs.* CAPE TIP INVESTMENTS, INC., & another.[1] No. 92-P-1579. January 7, 1994. *District Court*, Jurisdiction, Removal of case to Superior Court. *Contract*, Implied.

The plaintiff, who did construction work for the defendants, brought this action in the District Court to collect $22,583.41 for unpaid work. The defendants filed a counterclaim seeking $60,000 in damages for contract delays, lost rents, and shoddy workmanship, and, alleging violation of

---

[1]Steven Schnitzer.

G. L. c. 93A, treble damages and attorney's fees. The case was tried in the District Court. Judgment was entered for the plaintiff for $21,504.21 on a count seeking recovery in quantum meruit; the counterclaim was dismissed. The defendants, failing in their appeal to the Appellate Division of the District Court and in their attempt to remove the case for trial by jury in the Superior Court, appeal from the orders of both courts.

The Appellate Division correctly ruled that the relief granted lay within the jurisdiction of the District Court, rejecting the defendant's contention that a quantum meruit recovery is equitable, not legal, in nature. "Quantum meruit is a theory of *recovery*, not a cause of action." *J.A. Sullivan Corp.* v. *Commonwealth*, 397 Mass. 789, 793 (1986). Prior to enactment of the civil rules, compensation for labor performed or goods sold (i.e., quantum meruit or quantum valebant) was recoverable under the common counts in a contract action. See G. L. c. 231, § 147, 1(*d*) & (*e*), as in effect prior to St. 1975, c. 377, § 110; *Hayward* v. *Leonard*, 7 Pick. 181, 184-187 (1828); *Grandchamp* v. *Costello*, 289 Mass. 506, 507-508 (1935); *Hathaway* v. *Cronin*, 301 Mass. 419, 421 (1938). The Superior Court correctly denied trial de novo. Because their counterclaim sought recovery in excess of $25,000, the defendants were entitled to remove the case for trial in the Superior Court in the first instance. G. L. c. 231, §§ 103, 104. The second paragraph of § 104, as amended through St. 1987, c. 251, § 2, restricts the right to remove for retrial to a "party who would have been entitled to remove the case for trial in the [S]uperior [C]ourt as hereinabove provided but for the fact that the amount of the claim, counterclaim or cross-claim, as the case may be, does not exceed [$25,000]."

> *Order dismissing report affirmed.*
> *Order denying transfer affirmed.*

The case was submitted on briefs.
*Christopher J. Snow & Ronald E. Friese* for the defendants.
*John E. Bennett* for the plaintiff.