PATRICK E. NOONAN *vs.* THERMO CONSULTING ENGINEERS, INC. No. 94-P-1213. February 6, 1996. *District Court*, Removal of case to Superior Court, Jurisdiction. *Practice, Civil*, Removal of case to Superior Court.

The plaintiff filed in the District Court a complaint against the defendant for walking out on a lease. He claimed damages of $6,000. He did not preserve his right under G. L. c. 231, § 103, to a jury trial in the Superior Court. The defendant, claiming constructive eviction, then filed a counterclaim for damages of $32,556, representing the value of improvements it had made to the premises. Because the counterclaim sought an amount in excess of $25,000, either party might have claimed first instance trial in the Superior Court at that stage, but neither did so. After the start of the trial, the plaintiff filed a motion to amend his complaint to seek damages of $101,231.53, plus interest, which was allowed. The judge found for the plaintiff in the amount of $86,611.71, plus interest, and the defendant sought to appeal to the Superior Court pursuant to G. L. c. 231, § 104. A motion to revoke the transfer was allowed by a judge of that court.

The defendant is entitled to retrial in the Superior Court. Just as the plaintiff's right to retrial in the Superior Court was revived by the filing of the counterclaim,[1] we think that the defendant's once waived right to trial in the Superior Court (contrast *Costa* v. *Cape Tip Invs., Inc.*, 35 Mass. App. Ct. 944 [1994]) was revived when the plaintiff's claim for damages was revised during trial to exceed $25,000. This would plainly be true if the defendant had filed no counterclaim, or filed one not in excess of $25,000; the second paragraph of G. L. c. 231, § 104, accords a posttrial right to remove to a "party who would have been entitled to remove the case for trial in the Superior Court but for the fact that the amount of the claim, counterclaim or cross-claim, as the case may be, does not exceed [$25,000]." The defendant in such a case would have been unable to obtain removal because the plaintiff's claim was less than $25,000. After the trial had

---

[1]The revived right was again waived when the plaintiff failed to remove the case to the Superior Court by filing a claim therefor within twenty-five days after service of the counterclaim. See Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 11.4 second par. (2d ed. 1990).

egun, the defendant could no longer remove as of right. See *Kerr* v. *Palmieri*, 325 Mass. 554, 558 (1950). Contrast, as to pretrial removal after amendment, *Kolakowski* v. *Finney*, 393 Mass. 336, 340 (1984). Is the defendant, therefore, to be treated differently because it did have a right to remove the case to Superior Court before trial (its claim being in excess of $25,000)? We answer this negatively, because it exercised its waiver without knowing of its exposure to a plaintiff's claim in excess of $25,000. A defendant should not be in a worse position than a plaintiff who may have waived his right to a Superior Court retrial when he filed his complaint, before he knew of his own exposure under a counterclaim. See *Haddad* v. *Pulaski*, 36 Mass. App. Ct. 964 (1994).

*Order revoking transfer reversed.*

*Wendy Sibbison* (*Marc G. Perlin* with her) for the defendant.

*Michael D. Parker* for the plaintiff.