CHARLES F. TYNAN, JR., & another[1] *vs.* MARK D. NELSON.

No. 96-P-1041.

Middlesex. June 10, 1997. - November 4, 1997.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

*District Court,* Removal of case to Superior Court. *Practice, Civil,* Removal of case to Superior Court, Complaint, Amendment.

In a civil proceeding in District Court, the amount stated in the pretrial state-ment of damages required by Supplemental Rule 102A of the District/Municipal Courts Rules of Civil Procedure is controlling for purposes of notice to the opposing party of its right to remove the case to Superior Court in accordance with G. L. c. 231, § 104 [740-741], and, in an action in which the damages stated were over $25,000, the defendant waived its right to removal by not filing a timely claim of jury trial and by proceed-ing to trial in the District Court [741-742].

CIVIL ACTION commenced in the Woburn Division of the District Court Department on March 20, 1990.

The case was heard by *Louis J. Gonnella,* J.

*Annette MacMillan Vincent* for the plaintiffs.

*Domenic S. Terranova* for the defendant.

JACOBS, J. The underlying action in this case involves claims by the plaintiffs of breach of contract and misrepresentation against the defendant, a developer, based upon his failure to construct water pipes to serve their property. After a 1991 bench trial in the District Court, a judge ordered judgment for the plaintiffs for $27,350 on their claims and also ruled in their favor on a counterclaim.[2] The defendant timely filed a claim for jury trial in the Superior Court. He also filed a motion for a new trial in the District Court and, about a month later, filed a

---

[1]Catherine Anne Tynan.

[2]Our record does not reveal the nature of the counterclaim. Neither party argues that it is significant to the outcome of the case.

suggestion of bankruptcy. After a hiatus of about two and one-half years, the plaintiffs sought to resume the proceedings and were later successful in obtaining rulings in the District Court striking the defendant's attempted claim for trial in the Superior Court and denying his motion for a new trial. The defendant then appealed to the Appellate Division of the District Court pursuant to G. L. c. 231, § 108, where substantive issues in the underlying case were presented and reviewed along with the procedural issue which is the subject of this appeal. In its decision, the Appellate Division rejected the defendant's claims of error but at the same time ordered the immediate removal of the case to the Superior Court.[3] The plaintiffs appeal and argue that the Appellate Division erroneously decided that an amendment of their complaint at the beginning of the trial revived the defendant's right of removal to the Superior Court.

1. *Trial on the complaint as amended.* We conclude that the underlying case involves a claim in excess of the statutory threshold of $25,000 and that the defendant's failure initially to seek removal pursuant to G. L. c. 231, § 104,[4] prevented him from claiming a trial in the Superior Court after disposition of the case in the District Court. Accompanying the plaintiffs' complaint is a statement of damages "assert[ing] that the money damages sought by means of the complaint . . . amount to $35,000.00." At the beginning of the trial and before the taking of evidence, the judge allowed the plaintiffs' earlier filed motion

---

[3]See Tynan v. Nelson, App. Div. No. 9342 (April 12, 1996).

[4]General Laws c. 231, § 104, as amended through St. 1987, c. 251, § 2, provides in pertinent part: "Any other party, . . . may, provided that the amount of the claim against such other party, . . . exceeds twenty-five thousand dollars, file in the district court in which the action is pending a claim of trial by the superior court . . . . Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim, . . . on which the right to remove is based . . . .

"Cases . . . in which rights of parties to remove for trial in the superior court as provided herein and in section one hundred and three are not properly exercised shall be tried in the district court. A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim . . . does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee . . . and bond within thirty days after notice of the decision . . . ."

to amend the complaint.[5] The amendment alleges that because of the defendant's failures, the plaintiffs expended $17,350 to dig and construct a well on their property. The original complaint contains no quantification of damages. Both the complaint and the amendment demand "actual damages." Fairly read, the complaint seeks typical undefined damages, and the amendment merely quantifies one portion of those damages. The plaintiffs offered evidence that other components of their damages included a loss in property value as well as the cost of water line installation not completed. The judge's finding of damages of $27,350, an amount greater than the threshold amount for removal, is further indication that the case involves damage components beyond the cost of construction of the well alone.

2. *The Appellate Division's decision.* The Appellate Division decided that although the defendant initially forfeited his right to removal pursuant to G. L. c. 231, § 104, the amendment of the complaint by the plaintiffs reduced their damages claim below the threshold for removal, thereby reviving the defendant's right to posttrial removal pursuant to the provision of § 104 applicable to claims not exceeding $25,000. In so ruling, it relied on *Kolakowski* v. *Finney*, 393 Mass. 336, 340 (1984), which indicated that a pretrial amendment of the complaint increasing its damages claim to over $25,000 authorized the defendant to claim trial in the Superior Court within twenty-five days after service of the amended complaint. That case is not authority for considering the effect of a *decrease* in a claim below the statutory threshold. Compare *Noonan* v. *Thermo Consulting Engrs., Inc.*, 40 Mass. App. Ct. 904 (1996). In any event, it was error for the Appellate Division to rely on the amendment of the complaint or any of the pleading materials, contrast *Kolakowski* v. *Finney, supra,* for a determination of the dollar amount at issue. Supplemental Rule 102A of the District/ Municipal Courts Rules of Civil Procedure (1987) prohibits a clerk-magistrate from accepting a complaint, cross claim, or counterclaim unless it is accompanied by a statement of damages.[6] The amount specified in the statement of damages is controlling as notice to

---

[5]In argument on the motion plaintiffs' counsel stated that the amendment "spells out . . . a little bit more clearly what the source [is] of the damages . . . ."

[6]Supplemental Rule 102A states: "In all civil· actions governed by the District/Municipal Courts Rules of Civil Procedure, a party seeking relief in

an opposing party of pretrial removal rights or to a clerk-magistrate for filing of the pertinent pleadings.[7]

The recipient of a complaint, cross claim, or counterclaim seeking money damages in a District or Municipal Court action should be able to rely on the originally filed or properly amended pretrial statement[8] of damages to assess his rights to a jury trial. Any other approach exposes the process to the uncertainty attendant on a party evaluating damage exposure on the basis of unquantified or partially quantified averments of injury contained in pleadings.[9] The defendant here waived his right to removal by not filing a timely claim of jury trial and by proceeding to trial in the District Court. He cannot subsequently claim trial in the Superior Court. See *Addis* v. *Steele*, 38 Mass. App. Ct. 433, 434 n.6 (1995); Perlin & Connors, Civil Procedure in the Massachusetts District Court § 11.3 (2d ed. 1990 & Supp. 1997). Contrast *Noonan* v. *Thermo Consult-*

---

the form of money damages in a complaint, cross claim, or counterclaim shall state the amount of said money damages claimed on the form prescribed therefor by the Administrative Justice of the District Court Department or the Administrative Justice of the Boston Municipal Court Department, as the case may be. No clerk-magistrate shall accept for filing any complaint, cross claim, or counterclaim unless it is accompanied by such form. A copy of the form, including the statement as to damages, shall be served on all other parties together with the complaint, cross claim, or counterclaim."

[7]The addition of G. L. c. 231, § 13B, by St. 1986, c. 708, § 5, made effective on July 1, 1987, banned the ad damnum from complaints except when claimed damages are liquidated or ascertainable by calculation. See *Buffum* v. *Rockport*, 36 Mass. App. Ct. 377, 384 (1994). The promulgation of Supplemental Rule 102A, effective July 20, 1987, permits the determination of the amount in issue from the statement of damages. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 164 n.9 (1987). See also Perlin & Connors, Civil Procedure in the Massachusetts District Court § 7.8 nn.28 & 29 (2d ed. 1990) & n.31 (Supp. 1997).

[8]"If an amendment to a complaint affects the amount of damages stated in the original Statement of Damages filed with that complaint, it would appear that a new Statement of Damages form should be filed." Perlin & Connors, Civil Procedure in the Massachusetts District Court § 7.8 n.31 (Supp. 1997).

[9]We do not speak to transfer of civil actions by the Superior Court to the District Court pursuant to G. L. c. 231, § 102C, as amended by St. 1986, c. 278, § 1, which entails a determination that "there is no reasonable likelihood that recovery will exceed" $25,000. That administrative determination is facilitated, but not controlled by the statements of damages required by Superior Court Rule 29 (1986) and Standing Order No. 1-83 (1983).

*ing Engrs., Inc., supra* (allowing a posttrial removal by defendant pursuant to G. L. c. 231, § 104, where the plaintiff was permitted after the start of trial to amend his complaint to claim damages in excess of $25,000).

The Appellate Division also stated that "[t]he defendant has failed to sustain his burden on this appeal of establishing almost all of the errors he now alleges." The decision goes on to determine that the defendant effectively waived any appellate consideration of the sufficiency of the evidence, failed to seek timely postjudgment relief from the trial judge, and failed timely to pursue a motion for new trial. We treat the Appellate Division's decision in these circumstances as a final judgment on the claims of error related to the District Court judgment, none of which the defendant has appealed to this court. See G. L. c. 231, § 109. We therefore affirm the District Court judgment. Compare *Addis* v. *Steele, supra.*

Accordingly, so much of the order of the Appellate Division as directed the immediate removal of this case to the Superior Court is vacated, and the District Court judgment is affirmed.

*So ordered.*