Wheatley, P.J.
The plaintiff (Oakwood) sued for payment of a balance due for services rendered to Labeebee Saquet, the defendant’s mother, and received a judgment in its favor in the trial court for damages, plus legal fees. The defendant executor (Mr. Saquet) has appealed the decision to this Court under an agreed statement of facts. Dist./Mun. Cts. R. A. D. A., Rule 8B. (Although there were several counts in the complaint, by agreement of the parties the only issue to be litigated is that of the liability of the executor.) We are bound to decide the case on the basis of the case stated, without regard to the appellant’s requests for rulings or any conclusions drawn by the trial court. Kulch v. Jones, 56 Mass. App. Dec. 168, 171 (1975). Kane v. School Committee of Woburn, 317 Mass. 436, 437 (1944). Eaton Financial Corporation v. Dewar, 1990 Mass. App. Div. 156, 157. We reverse and order judgment for the defendant.
From January 19, 1995, until February 16, 1997, the date of her death, Labeebee Saquet was a patient in Oakwood’s nursing home. On the day of her admission, Mr. Saquet, as his mother’s representative, executed, with Oak-wood, an “Admission Agreement” (the contract), which generally provided for nursing-home services in exchange for payment. Oakwood rendered valuable services to Mr. Saquet’s mother while she was at the nursing home, but there remained, at the date of her death, an outstanding balance. On June 5,1997, in the Bristol County Probate Court, Mr. Saquet was appointed executor of his mother’s estate, and, on August 26,1997, as such executor, wrote to Oakwood that “all debts will be paid upon the sale of Labeebee Saquet’s home in Hull, Massachusetts.” Oakwood reasonably relied upon this letter that it would be paid from the proceeds from the sale of Mr. Saquet’s mother’s home.
On three successive dates, October 8 and 22,1997, and November 19,1998, Oakwood filed with the Probate Court notices of claims for $11,017.53 as required by G.L.c. 197, §9. The home eventually was sold on March 12, 1998, but Mr. Saquet never paid Oakwood. Oakwood brought suit in the Barnstable District Court on December 9, 1998 (more than one year after the date of death) and Mr. Saquet was served one day later. Saquet denied that the estate owed Oakwood anything and raised the G.L.c. 197, §9 one-year Statute of *208 Limitations[3] as a defense.
The parties at trial agreed to limit the issues to that of the liability of the executor. After trial, the judge found “that the defendant, Saquet as Executor induced the Plaintiff to not bring an action against the estate within one year of the date of the death of Labeebee Saquet, and that as a result thereof, the Executor is estopped from defending this action based upon the plaintiffs delay in bringing this action within the applicable statute of limitations,” and awarded Oakwood $11,017.53, plus $2,500 in attorney’s fees.[4]
Disclaiming any liability, Mr. Saquet argues, that: 1. Oakwood, as a creditor of the decedent, did not timely file its claim as required by G.L.c. 197, §9; 2. count I is an equitable claim in quantum meruit, over which the District court has no jurisdiction; and 3. the trial court had no authority to make an order for payment of legal fees.
1. The time limitation under G.L.c. 197, §9. The burden of proof is upon the plaintiff to establish that the action was commenced within the time required by §9. Rosenblatt v. Foley, 252 Mass. 188, 191 (1925). According to the agreed statement of facts, Oakwood did not comply with all of the requirements of §9 (see footnote 3). Even though two notices of claim were filed within one year of the decedent’s date of death, they did not contain any information about the court “in which the action has been brought,” basically because no action had been brought against Mr. Saquet until after the one year had expired, specifically on December 9,1998.
Oakwood asserts that Mr. Saquet should be estopped from setting up the short-statute requirement because of reliance by Oakwood on his August letter promising payment. There is a line of Statute of Limitation cases that adopts the estoppel theory on a basis of fairness. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 3 L. Ed. 770, 772, 79 S. Ct. 760 (1959) (Plaintiff missed the Statute of Limitations deadline after he was told by an official of the defendant company that he had seven years in which to file his claim, when, in fact, the Statute of Limitations was only three years); LaBonte v. N.Y., N.H., & Hartford R.R., 341 Mass. 127 (1960) (Plaintiff let the Statute of Limitations run out in relying on the defendant’s district claims manager’s statement that he did not have to get an attorney, that the defendant would take care of plaintiffs claim in full.); and MacKeen v. Kasinskas, 333 Mass. 695 (1956) (Similar statement by the defendant’s insurance adjuster). These, however, are tort cases, and we feel that an executor’s promise is governed by other policy considerations and should be treated differently.
‘The [defendant] had no power to bind the estate by any promise or representation to the plaintiff which in effect waived the short Statute of Limitations.... This the plaintiff must be assumed to have known.” Nochemsen v. Aronson, 279 Mass. 278, 279 (1932) (The plaintiff to his detriment voluntarily elected to rely on the defendants’ promises to pay his claim out of collections made by them.). Powow River National Bank v. Abbott, 179 Mass. 340, 330 (1901), and cases cited. Kofinke *209 v. Maranhas, 375 Mass. 141, 144 (1978). Epstein v. Binder, 15 Mass. App. Dec. 74, 76 (1957). McQuade v. McQuade, 1997 Mass. App. Div. 53, 55.
“The object of the statute limiting action against executors ... is to secure the speedy settlement of estates that they may descend to and be distributed among those who are entitled to them free from all claims and liens on the part of creditors.” Knight v. Cunningham, 160 Mass. 580, 584 (1894). The plaintiff prevailed in this case. However, it is distinguishable because the agreement made with the plaintiff was by the executor and the heirs, and it benefited the estate. There is no information in the present case as to the identity of the heirs, or that the agreement was with anyone other than Mr. Saquet. ‘The reason why [Mr. Saquet] may not waive the bar of the special or short Statute of Limitations applicable to actions against the estate of decedents is that his fiduciary obligations are inconsistent with authority to do so.” Mulligan v. Hilton, 305 Mass. 5, 11 (1938), and cases cited. We find that the defendant executor was not estopped from setting up a defense of the Statute of Limitations.
2. Quantum meruit. Mr. Saquet’s counsel argues that count I, couched in terms of a claim in quantum meruit, is an equitable remedy over which the District Court has no jurisdiction, and that the trial court had no authority to hear this case and make its decision. Counsel cites as his authority the Supreme Judicial Court’s decision in J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789 (1986). In that case, however, the Court resolved a different question, viz., whether one can sustain an action against the Commonwealth in quantum meruit, not whether the District Court has jurisdiction of such a claim. They held, inter alia, that “quantum meruit is a theory of recovery, not a cause of action.” Id. at 793. This determination was the basis for a later ruling in Costa v. Cape Tip Investments, 35 Mass. App. Ct. 944 (1994)[5] wherein the Appeals Court dealt squarely with the issue in the case at bar. There the Court ruled that “... the [judgment in the District Court on a count seeking recovery in quantum meruit] lay within the jurisdiction of the District Court.” They rejected, as we do here, the defendant’s contention that a quantum meruit recovery is equitable, not legal, in nature, and cited the Sullivan case, supra.
3. The award of attorney’s fees. Our prior discussion renders this issue moot.
Accordingly, we reverse the decision of the trial judge and order that judgment enter in favor of the defendant, Robert H. Saquet, as executor of the Estate of Labeebee Saquet.
So ordered.

 G.L.c. 197, §9 provides in pertinent part: "... an executor... shall not be held to answer to an action by a creditor of the deceased, unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period the process in such action has been served... or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate.” (Emphasis added.)

 The contract provides in pertinent part: “F ... if collection proceedings are undertaken, Residents shall (to the maximum extent permitted by law and upon demand) be liable for all reasonable costs of collection, including reasonable earned fees of attorneys.”

 Further appellate review denied, 417 Mass. 110 (1994).