Bakas, J.
The instant case concerns the three optional methods of appeal to the Appellate Division and the requirements to which an appellant must adhere in order to perfect an appropriate appeal.
On June 3, 1996, plaintiff Richard Wine, Trustee of Harbor Towers II Condominium Trust (“plaintiff’), having been aggrieved by findings of the trial judge, appealed said findings to the Appellate Division by Notice of Appeal and presented two issues for appellate review.[3] Subsequently, on June 24, 1996, plaintiff filed an Expedited Appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal (Rule 8A of Dist./Mun. Cts. R. A. D. A.). Defendant Tak Hing Wu, Trustee of Virtue Realty Trust (“defendant”), timely objected to plaintiff’s Expedited Appeal pursuant to Rule 8A(b) of Dist./Mun. Cts. R. A. D. A.[4] Based on defendant’s objection, plaintiff filed a Notice of Appeal on the Record of Proceedings on August 2, 1996, in accordance with Rule 8C of Dist./Mun. Cts. R. A. D. A., and represented in said notice that “[A] transcript not being necessary, no request for a cassette copy is filed herewith.” Defendant presently moves to strike plaintiff’s August 2, 1996 Notice of Appeal on the Record of Proceedings and plaintiff’s underlying appeal. For the following reasons, defendant’s Motion to Strike Appeal is allowed.
There exist three optional methods of appeal to the Appellate Division. The first method is described in Rule 8A of Dist./Mun. Cts. R. A. D. A. by what is known as an “Expedited Appeal.” This method of appeal is appropriate when the issues are limited in number and are clearly defined. It allows an appellant to promptly and specifically describe the issues for appeal.[5] However, if the opposing party files a timely objection, *158 the Expedited Appeal is automatically terminated and the appellant is precluded from proceeding under said rule. The appellant must then pursue further appellate procedure through Rule 8B or 8C of Dist./Mun. Cts. R. A. D. A.[6] Thus, the timely filing of defendant’s objections automatically precluded plaintiff from proceeding under Rule 8A of Dist./Mun. Cts. R. A. D. A.[7]
As a result of the termination of plaintiff’s proceedings under Rule 8A of Dist./Mun. Cts. R. A. D. A., plaintiff then commenced appellate proceedings pursuant to Rule 8C of Dist./Mun. Cts. R. A. D. A., “Appeal on the Record of Proceedings.” This rule provides for another method of appeal to the Appellate Division and specifically focuses on the “record of the proceedings” i.e., the transcript or a statement of evidence or proceedings when no transcript is available.[8] As Rule 8C(a) of Dist./Mun. Cts. R. A. D. A. provides, no transcript is required for appeal under this rule if the issue on appeal is based solely on the pleadings.[9] It should be noted that section (b) of said rule provides a time limit for claiming this type of appeal of thirty days from filing the notice of appeal or from termination of either of the other two methods of appeal. Furthermore, the document by which such appeal is claimed must include a proper request for a cassette copy of the tape unless such request was included with the notice of appeal. The appellant is also required to file and serve a “designation” of those portions of the taped record to be transcribed.[10]
In the instant case, the plaintiff failed to request a transcript of the court proceedings as required by Rule 8C of Dist./Mun. Cts. R. A. D. A. Such a request and the subsequent review of that transcript by the assembled justices of the Appellate Division is fundamental for proper appellate review. The burden is on the appellant to ensure that an ade *159 quate record exists for an appellate court to evaluate.[11] Plaintiff’s representation that “no transcript is necessary ...” is misplaced. An appellant may only bring an appeal without a transcript, if the appellate issues are based solely on the pleadings.[12] A review of the two appellate issues raised by the appellant reveal that neither issue is based solely on the pleadings. Rather, a thorough examination of the full transcript would be required before an appellate decision could be rendered. Accordingly, defendant’s Motion to Strike plaintiff’s Notice of Appeal on the Record Proceedings is allowed. Therefore, plaintiff’s appeal is dismissed with prejudice.

 In the case of Richard Wine, Trustee of Harbor Towers II Condominium Trust v. Tak Hing Wu Trustee of Virtue Realty Trust, Civil Action No. 213970, judgment was entered for the defendant on May 29, 1996 by Judge Kelly. In plaintiff’s Notice of Appeal the following two issues were presented for appellate review: (1) Whether the court erred in failing to establish damages against Unit 4H of the Harbor Towers II Condominium in the amount assessed against Unit 4H of Harbor Towers II Condominium by the Harbor Towers II Condominium Trust; and (2) Whether the court erred in failing to issue an Order for the Sale of Real Estate, pursuant to G.L.c. 254, §5A, after damages were established on January 19,1996.

 On July 3, 1996 defendant objected to plaintiff’s Expedited Appeal and argued that the necessity of a full transcript of the proceedings rendered plaintiff’s Expedited Appeal an inappropriate method of appeal. Defendant’s Designation of Record, pursuant to Rule 8C(d) of Dist./Mun. Cts. R. A. D. A., identified the full transcripts of proceedings for January 17,1996 and May 16,1996 as being both appropriate and necessary for appellate review.

 See 1994 related commentary to Rule 8 A of Dist./Mun. Cts. R. A. D. A.

 Rule 8A(b) of Dist./Mun. Cts. R. A. D. A. states, in pertinent part, that “[I]f any party objects to the contents of the Expedited Appeal, said party, within ten days of filing, shall file in the trial court and serve upon other parties a written statement of the objections. The timely objections shall automatically terminate further ^proceedings under this rule ... [Ajfter appellee’s objection ... further appellate procedures may proceed under either Rule 8B or 8C.”

 Although plaintiff did not choose to utilize appellate procedures pursuant to Rule 8B of Dist./Mun. Cts. R. A. D. A., we would be remiss if we did not briefly mention the relevancy of this rule. Specifically, Rule 8B of Dist./Mun. Cts. R. A. D. A. provides for a second option for appeal to the Appellate Division. It may be utilized instead of Rules 8A and 8C or if the Expedited Appeal is tried but fails. The rule authorizes the appellant, with the agreement, of the appellee and approval of the court, to frame the issues for appeal in a relatively brief form.

 The Boston Municipal Court requires electronic tape recording of court proceedings.

 Rule 8C(a) of Dist./Mun. Cts. R. A. D. A. provides that “[I]f an appeal is not claimed and perfected under Rule 8A or 8B, a party may appeal based on the record of the proceedings as provided in this rule. The record of proceedings shall consist of a typewritten transcript of the electronic or stenographic recording of the proceedings or, where no such record is available, a statement of the evidence, as provided below. No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings.”

 The designation must be filed and served (1) within fifteen days of the filing of the “Appeal on Record of the Proceedings” if the tape was previously ordered and obtained, or (2) within fifteen days after the cassette copy is received, if it is ordered in the “Appeal on Record of Proceedings.” In addition, the 1994 rule commentary states that “[t]he requirements for the designation under section (c) are many and detailed. They closely follow the parallel provisions of the Massachusetts Rules of Appellate Procedure, where a transcript must be obtained from a tape recording (Rule 8(b)(3)(ii)).”

 Commonwealth v. Woods, 419 Mass. 366, 371 (1995).

 See Rule 8C of Dist./Mun. Cts. R. A. D. A.