MICHAEL LIGHTER *vs.* LUMBERMENS MUTUAL CASUALTY
INSURANCE COMPANY.

No. 96-P-253.

Plymouth. June 5, 1997. - August 21, 1997.

Present: ARMSTRONG, BROWN, & GREENBERG, JJ.

*Insurance,* Motor vehicle insurance, Underinsured motorist, Notice. *Practice,
Civil,* Findings by judge.

The record of an action seeking a declaratory judgment establishing the
plaintiff's entitlement to underinsured motorist coverage under his father's
policy and to arbitration did not demonstrate that the plaintiff's delay of
two years and nine months before giving the insurer notice of his claim
had caused the insurer to suffer material prejudice so as to warrant denial
of coverage, where the insurer did not show that it lost any right to repay-
ment from the tortfeasor when the plaintiff settled and released his claims
against the tortfeasor without the insurer's consent. [418-419]

CIVIL ACTION commenced in the Superior Court Department on
July 23, 1990.

The case was heard by *Suzanne DelVecchio,* J.

*Albert E. Grady* for the plaintiff.
*Roger J. Grossman* for the defendant.

GREENBERG, J. At the time of his injury — caused by an
automobile accident — the plaintiff, Michael Lighter, had a
standard Massachusetts automobile insurance policy, issued by
Arbella Insurance Company (Arbella) that had underinsurance
motorist coverage (UIMC) with a per person limit of $10,000.
His father, Albert Lighter, had a similar policy issued by Lum-
bermens Mutual Casualty Insurance Company (Lumbermens),
that had a higher per person limit of $250,000. During the
pendency of the underlying tort action against Thomas Dargis,
Lighter settled his claim for $15,000 and received payment in
that amount, representing the full proceeds available under a
policy from Dargis' liability carrier, Liberty Mutual Insurance

Company. By agreement dated May 30, 1990, Lighter released Dargis from all further liability with the consent of his insurance carrier. He did not, however, obtain Lumbermens' consent, thus provoking the present action for declaratory judgment (G. L. c. 231A) seeking to establish his entitlement to UIMC under his father's policy and to direct the parties to arbitration.[1]

A judge of the Superior Court determined, after a bench trial, that Lumbermens was not obligated to pay the underinsured benefits because it was materially prejudiced by Lighter's failure to give prompt notice of the claim. We conclude that Lighter is entitled to collect UIMC benefits.

The facts are not in dispute. On February 15, 1989, Lighter was injured when his automobile was struck by the vehicle driven by Dargis. Lighter suffered serious injury to the lumbar region of the spine. There is no dispute that Dargis caused the accident. On April 21, 1989, Lighter retained counsel to represent him in the prosecution of his tort claim. The same counsel represented Lighter when he settled the claim in May, 1990.

On November 20, 1991, Lighter notified Lumbermens of the accident and his intention to initiate a claim for UIMC benefits under his father's policy. Because the amount Lighter received in settlement ($15,000) exceeded the amount of UIMC available under his own policy ($10,000), G. L. c. 175, § 113L(2), precluded Lighter from recovery under his policy.[2] As a result, Lighter pursued recovery under his father's policy, which, as the judge found, the anti-stacking provisions of G. L. c. 175, § 113L, did not affect. Lumbermens denied coverage on the ground that Lighter failed to give prompt notice of the claim, as

---

[1]According to the policy, "The determination as to whether an injured person is legally entitled to recover damages from the owner or operator of a responsible auto will be by agreement between us and the injured person. The amount of the damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached."

[2]General Laws c. 175, § 113L(2), as amended through St. 1988, c. 273, § 46, states: "the term 'uninsured motor vehicle' shall also include protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles . . . to which a bodily injury liability bond or policy applies at the time of the accident and its bodily injury liability bond amount or policy limit is less than the policy limit for uninsured motor vehicle coverage and is insufficient to satisfy the damages of persons insured thereunder and only to the extent that the uninsured motor vehicle coverage limits exceed said limits of bodily injury liability subject to the terms of the policy."

required by the terms of the insurance contract.[3] The judge found that Lumbermens had carried its burden of demonstrating that it was materially prejudiced because it was not given the opportunity to investigate Dargis' assets before settlement. The judge concluded that, had notice been timely, Lumbermens may have chosen to withhold consent to settlement. The record fails to support this conclusion.

On appeal, Lighter argues that Lumbermens failed to prove prejudice because it did not demonstrate that Dargis, in fact, had any assets from which it could recover. An insurance company may only deny UIMC because of the injured's failure to provide timely notice to the company if that delay materially prejudiced the company. *Goodman* v. *American Cas. Co.*, 419 Mass. 138, 142 (1994). Standing alone, length of time is insufficient to satisfy a showing that delay in notification materially prejudiced an insurer. *Darcy* v. *Hartford Ins. Co.*, 407 Mass. 481, 486 (1990). This is true even if the delay could be fairly characterized as "extreme." *Id.* at 485. See also *Thompson* v. *Grange Ins. Assn.*, 34 Wash. App. 151, 163-164 (1983) (no presumption of prejudice where injured waited five years to notify insurer). Rather, delay is a relevant factor to be considered in combination with other facts or circumstances. *Darcy*, 407 Mass. at 486.[4] The insurer bears the burden of identifying precisely how the delay has caused it to suffer prejudice. *Id.* at 486-487.

In addition to finding a delay of two years and nine months from the date of the incident, the judge ruled that, as matter of law, Lumbermens suffered material prejudice because Lighter's settlement with and release of Dargis, without notice, deprived it of the opportunity to withhold consent to settlement. Liberty paid all of Dargis' liability coverage to Lighter, who released Dargis from further claims against him. A UIMC provider may choose to withhold consent "in order to protect its statutory and contractual repayment rights." *MacInnis* v. *Aetna Life & Cas.*

---

[3]The notice provision in the policy reads, in relevant part, as follows: "We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as many details as possible, including names and addresses of drivers, injured persons and witnesses."

[4]In *Darcy*, the court noted as persuasive "other facts or circumstances," the situation where delay has resulted in the "loss of critical evidence, or testimony from material witnesses despite diligent good faith efforts on the part of the insurer to locate them." *Darcy*, 407 Mass. at 486.

*Co.*, 403 Mass. 220, 227 (1988). General Laws c. 175, § 113L(4), inserted by St. 1968, c. 643, § 5, provides that an insurer making a payment under UIMC "shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made." A release of the tortfeasor from any obligation in return for a settlement amount, prior to the insurer's having made any payment to the injured party, defeats the insurer's right to repayment. See *Pace* v. *Cage*, 419 So. 2d 443, 444 (La. 1982); *Schmidt* v. *Clothier*, 338 N.W.2d 256, 262-263 (Minn. 1983); *Charest* v. *Union Mut. Ins. Co.*, 113 N.H. 683, 687 (1973).

While it is true that the settlement destroyed Lumbermens right to repayment, a right to repayment is meaningless if the tortfeasor has no substantial assets from which to recover. The judge concluded that Lumbermens proved the late notice resulted in material prejudice because, "[t]here was evidence that Dargis had assets with which to settle the claim without insurance company involvement." The judge based this conclusion on her finding that, during a telephone conversation a few days after the accident, "Dargis expressed his interest in settling the matter without the involvement of their respective insurance companies."

A reviewing court will only deem a finding of fact by the trial judge clearly erroneous if, after reviewing the evidence, it "is left with the firm conviction that a mistake has been committed." *Nylander* v. *Potter*, 423 Mass. 158, 159 n.5 (1996). Here, the judge's finding of prejudice stumbles on a failure of proof. The judge based her conclusion that Dargis had assets solely on evidence of a telephone conversation between the plaintiff and Dargis. However, during the course of the trial on cross-examination of the plaintiff, the judge excluded the substance of the conversation. As culled from the record, the questioning proceeded as follows:

Q: "And did you speak with Mr. Dargis at the time of the accident?"

A: "Briefly. We had exchanged papers."

Q: "All right, and at some point did he contact you by telephone?"

A: "Yes, he had — yeah. . . ."

THE JUDGE: "Counsel, where are we going with this? . . . Get to the issue of assets. . . ."

MR. FERG: "I'm going to suggest that his testimony would be that Mr. Dargis said Gee, can we keep our insurance companies out of this."

THE JUDGE: "Maybe he had money to pay. Leads me to believe he's got independent means to pay, so I'll let it in."

Q: *"What was the substance of the telephone conversation?"*

Ms. KIRBY: *"Objection."*

THE JUDGE: *"Hearsay?"*

Ms. KIRBY: *"Yes."*

THE JUDGE: *"Sustained."* (Emphasis added.)

The defendant makes no argument that exclusion of this testimony was error. So we are left without any evidence that supports the judge's ultimate conclusion. Furthermore, nothing else in the record reveals that Lumbermens was precluded from conducting an investigation of Dargis' assets had it chosen to do so. We think that this is a case where, in spite of a settlement that extinguished Lumbermens' right to repayment, there is no proof of prejudice. *MacInnis*, 403 Mass. at 226-227.

The judgment is modified by striking the provisions relating to Lumbermens and substituting a declaration and order that the plaintiff is entitled to underinsurance benefits under the Lumbermens' policy issued to his father and the parties shall proceed to arbitration on that claim.

*So ordered.*