Johnson, J.
According to the record provided by the appellant, the plaintiff in this personal injury action asserted that when she pulled on the door leading into a private stall in the women’s restroom of Terminal B at Logan Arport, the door came off its top hinge causing a laceration which left a scar on her eyebrow.
At trial, the plaintiff apparently proceeded on the theory of res ipsa loquitur. A though the trial judge did not make findings of fact and, pursuant to Mass. R. Civ. R, Rule 52(c) was not required to do so, we note from the docket entries included in the record appendix that the defendant brought a motion for directed finding at the close of plaintiff’s evidence. The trial judge heard argument on the *241 motion and reserved judgment. The motion for directed finding made specific reference to the doctrine of res ipsa loquitur and was brought on grounds that the plaintiff had failed to prove by a preponderance of the evidence that the defendant exercised “sole and exclusive control and management” of the instrumentality causing the plaintiffs injury. Having failed to persuade the judge that judgment should enter at that juncture, the defendant proceeded with its own presentation of evidence. After trial, judgment entered in favor of the plaintiff in the amount of $3,000.00.
The appellant, Massachusetts Port Authority, (MassPort), claims error in the denial of its motion for directed finding. For reasons stated below, we affirm the judgment.
Discussion
Although, according to the docket, the trial judge did not rule on the defendant’s motion for directed finding, we infer the implicit denial of that motion from the general finding in favor of the plaintiff. The denial of a motion for directed finding for a defendant is treated as a denial of a request for ruling that a finding for the plaintiff is not warranted. Gallant v. Federal Mutual Ins. Co., 354 Mass. 146 (1968); Norton v. Musterole Co. Inc., 235 Mass. 587 (1920). See also, NOLAN, CIVIL PRACTICE §730 (1992).
While it appears that MassPort defended this action solély on grounds of the plaintiffs insufficiency of proof on the issue of its “management and control” of the instrumentality causing injury, we cannot evaluate this contention because the appellate record filed by the appellant does not include the plaintiffs trial evidence. Although the appellant, MassPort, chose to pursue this appeal “on the record of the proceedings” pursuant to Rule 8C, Dist./Mun. Cts. R. A. D. A., the trial transcript included in the record appendix contains only the direct examination of the defendant’s witness, Gary Tobin, MassPorf s assistant director of dr-port facilities. We do not see how this testimony is relevant to the issue raised on appeal. While MassPort is correct in its assertion that the plaintiff bore the burden of proof on the issue of whether it exercised management and control of the instrumentality causing injury under a theory of res ipsa loquitur, the record submitted on appeal is wholly inadequate to review this issue. See, Wilson v. Honeywell, Inc., 409 Mass. 803 (1991). This court cannot say on the record provided that the plaintiff’s proof was insufficient as a matter of law. It is the appellant’s responsibility to include the relevant portions of the trial transcript in the record in order to allow the issues presented on appeal to be reviewed. Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992); Cameron v. Carrelli, 39 Mass. App. 81, 84 (1995); Arch Medical Assocs., Inc. v. Bartlett Health Enterprises, Inc., 32 Mass. App. Ct. 404 (1992).[1]
Accordingly, the defendant’s appeal is dismissed.

 In its brief, Massport also alleges error in the trial judge’s interpretation of 91 App. §1-23 in finding the defendant responsible for maintaining the restroom door which allegedly caused the plaintiff’s injury. However, this issue is not properly before the appellate division as the defendant failed to request a ruling of law (or motion) on this issue.