Wright, J.
This is an action pursuant to G.L.c. 90, §7N 1/4 (“Used Car Lemon Law”) to recover for a breach of statutory warranty by defendant Garrett Auctioneers, Inc. in its sale of a used vehicle to the plaintiff. After trial and the entry of judgment for the plaintiff, the defendant filed this Dist./Mun. Cts. R A D. A, Rule 8C appeal.
The record indicates that in May, 1996, plaintiff Eric Lindquist purchased a 1988 Jeep Wrangler for $5,600 from the defendant for his son, Scott Lindquist. The vehicle’s mileage was more than 80,000, but less than 125,000 miles. Prior to the sale, the plaintiff had been informed by the defendant’s president, Garrett D. Hea-ley (“Healey”), that Healey had recently bought the Jeep from a woman in Maine, and that it was dependable, did not burn oil and had a “rag top” roof that was in good condition. There was conflicting testimony as to whether a second, “hard top” roof was on the Jeep either at the time it was shown to the plaintiff, or even at the time of the sale. A pre-sale inspection by the plaintiff’s mechanic, Dan Vissone (“Vissone”), revealed that the gear shift indicator light and driver’s door lock cylinder were inoperable, and that an exhaust pipe bracket was missing.
On May 30, 1996, a bill of sale was signed by the plaintiff and by Healey for defendant Garrett Auctioneers, Inc. The bill of sale disclaimed all warranties and stated that the vehicle was sold “as is.”
After taking possession of the Jeep, Scott Lindquist had it fully inspected by Vis-sone. It was learned that in addition to the previously discovered problems, the brakes needed to be replaced and the rag top was ripped, in poor condition and had a bent frame. Vissone made all necessary repairs and charged the plaintiff a total of $1,410.29, of which $803.34 was for the brakes and rag top.
On or about July 15, 1996, the Jeep began leaking extensive amounts of oil and became inoperable. The vehicle was towed to the nearest garage, and the plaintiff made several calls to the defendant to report the problem. When the defendant did not return those calls, the plaintiff had the Jeep towed to Vissone’s at a cost of $82.53. Vis-sone had to replace the engine and radiator, for which the plaintiff paid $2,083.55.
The trial judge made written findings of fact, and entered judgment for the plaintiff in the amount of $2,969.42.
1. The defendant argues on this appeal that 1) the plaintiff failed to sustain his burden of proving that the defendant was a “dealer” of used motor vehicles under G.L.C. 90, §7N 1/4(1) and thus bound by the warranty requirements of that statute, and 2) the evidence did not support the court’s award of damages for repair of the rag top because the defects in the rag top affected only the appearance, rather than the “safety *108 or use,” of the vehicle. G.L.C. 90, §7N 1/4(2) (A) (i). The defendant foiled, however, to file a Mass. R. Civ. E, Rule 64A(b) request for ruling of law testing the sufficiency of the evidence to permit or require a finding in its favor, and thus effectively waived appellate consideration of either issue. Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Massachusetts Gen. Hosp. v. Quincy, 348 Mass. 791 (1965); Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96.
The absence of any Rule 64A requests for rulings of law would ordinarily end further appellate inquiry. The trial judge elected, however, to make written findings of fact which are not required in a District Court nonjury trial. Mass. R. Civ. R, Rule 52(c). See Tamber v. Desrochers, 45 Mass. App. Ct. 234, 238 (1998); The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 12; Cooperstein v. Turner Bros. Constr. Co., 1992 Mass. App. Div. 249, 250. Therefore, the defendant’s appeal may be considered on the narrow ground of whether those findings of fact are so lacking support in the record that they are “clearly erroneous.” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. Under the familiar standard, a trial judge’s findings of fact will be sustained on appeal unless the reviewing court, on the entire evidence, is left with the “definite and firm conviction that a mistake has been committed.” Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997). Lighter v. Lumbermens Mut. Cas. Ins. Co., 43 Mass. App. Ct. 415, 418 (1997); Chester v. Medford, 1994 Mass. App. Div. 69, 70. The burden of proof is on the appellant to demonstrate that the court’s findings are “clearly erroneous.” First Penn. Mortg. Trust v. Dorchester Savings Bank, 395 Mass. 614, 621-622 (1985); Shear v. Gabovitch, 43 Mass. App. Ct. 650, 652 (1997).
2. According the trial judge’s findings of fact the customary appellate deference, Judge Rotenberg Educational Ctr., Inc. v. Commissioner of Dept. of Men. Retard., 424 Mass. 430, 452 (1997), it is clear from even a preliminary examination of the record that such findings constituted an appropriate resolution of the issues and the sometimes conflicting testimony presented at trial.
The defendants initial contention is that because it is an “auctioneer” which is simply an agent of the seller or owner, the trial court erred in determining that the defendant was a seller or “dealer” whose motor vehicle sale to the plaintiff was subject to the warranty requirements of G.Lc. 90, §7N 1/4. A “dealer” is defined, however, by §7N 1/4 (1) as:
any person engaged in the business of selling, offering for sale or negotiating the retail sale of used motor vehicles or selling motor vehicles as broker or agent for another, including the officers, agents and employees of such person and any combination or association of dealers. ... A person shall be deemed to be engaged in the business of selling used motor vehicles if such person has sold more than three used motor vehicles in the preceding twelve months [emphasis added].
There is clearly no express or implied exclusion of auctioneers from this statutory definition. In any event, we do not reach the larger issue of whether the Legislature intended §7N 1/4 to apply to auctioneers,[2] an issue which the defendant did not address to the trial judge in the form of a Rule 64A(a) request for ruling of law. The reason is that there was testimony, albeit somewhat confused, by Garrett Hea-ley that the defendant had sold, rather than simply auctioned, 10 to 50 used cars in the twelve months preceding its sale of the Jeep to the plaintiff. Such testimony permitted the court’s finding that as the defendant had sold more than three used vehicles during the year prior to May 30,1996, the defendant was a “dealer” liable *109 for any violation of the provisions of the Used Car Lemon Law.
3. Section 7N 1/4(2) (A) (i) provides, in pertinent part:
No used motor vehicle shall be sold in the commonwealth by a dealer to a consumer unless accompanied by an express written warranty covering the full cost of both parts and labor necessary to repair any defect that impairs the said used motor vehicle’s safety or use;... Defects that affect only appearance shall not be deemed to impair safety or use for the purposes of this section.
The defendant contends that the trial court’s assessment of damages for repair of the rag top was based on an erroneous finding of fact that the rag top defects affected the “safety or use” of the Jeep. The defendant argues that as the Jeep was sold with a functioning “hard top” roof, the condition of the rag top or second roof affected only the appearance of the vehicle and was irrelevant for §7N 1/4 purposes. The short answer to the defendant’s contention is that there was evidence that the Jeep was sold with both roofs, but that neither was usable. The plaintiff testified that the hard top was not on the Jeep at the time of sale, and that the defendant did not provide the necessary hardware to attach the hard top. Such testimony permitted the trial court’s implicit findings that a roof is unquestionably material to the use of a vehicle, that defects in the rag top, the only remaining roof, obviously affected the plaintiffs use of the Jeep, and that the defendant was liable for any necessary repairs of the same. It should be noted that the defendants claim that defects in the rag top did not impair the Jeep’s use or safety was, pursuant to §7N 1/4 3(B), an affirmative defense for which the defendant bore the burden of proof. Haywood v. Massachusetts Automotive Group Ltd., 1998 Mass. App. Div. 85, 87.
Appeal dismissed.
So ordered.

 See, for reference to Federal Trade Commission’s ruling that Federal Used Car Rule applies to auction sales open to the public, but not to auctions restricted to dealers, HJ. ALPERIN & R.F. CHASE, CONSUMER RIGHTS & REMEDIES §421, p. 134 (1998 Supp.).