Williams, J.
The plaintiff, Oakwood living Centers, Inc. d/b/a Easton Lincoln Nursing & Rehabilitation Center (“Oakwood”), filed this appeal pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C, claiming that the trial judge’s finding that the defendant, Robert Saquet (“Saquet”), was not individually liable to Oakwood for his late mother’s debt was clearly erroneous. In response, Saquet argues that this Rule 8C appeal is “defective” since Oakwood supplied this Court no record of the proceedings, and the issue Oakwood presses is not based solely upon the pleadings.[2] For the reasons set out *99 below, we affirm the finding of the trial judge and dismiss the appeal.
Oakwood elected in this appeal to forego requesting the transcript of the court proceedings required by Rule 8C. Such a request, obviously followed by this Court’s review of the transcript, is critical to proper appellate review under that Rule. Wine v. Tak Hing Wu, 1996 Mass. App. Div. 157, 158. The burden was on Oakwood to ensure an adequate record for this Court’s evaluation. Id,:, see also, e.g., Cassford v. Massachusetts Port Auth., 1998 Mass. App. Div. 240, 241. An appellant may proceed under Rule 8C without a transcript, but only if the issues are based solely on the pleadings. Wine, 1996 Mass. App. Div. at 159. The issues Oak-wood raises, however, are not grounded in the pleadings, but rather in purported admissions by Saquet’s (predecessor) counsel in a brief filed in the previous Appellate Division decision of Oakwood Living Centers, Inc. v. Saquet, 2000 Mass. App. Div. 207,[3] in a letter Saquet wrote to Oakwood in 1997, and in the Admission Agreement Saquet signed when his mother entered Oakwood’s Easton Lincoln facility in 1995. This Court is hobbled in rendering a decision without an opportunity thoroughly to examine the full transcript. Wine, 1996 Mass. App. Div. at 159. Had such a transcript been provided, this Court would have been able to consider Oakwood’s appeal on the narrow ground of whether the trial judge’s findings of fact were so devoid of support in the record that they were “clearly erroneous.” See Lindquist v. Garrett Auctioneers, Inc., 1999 Mass. App. Div. 107, 108.[4] As matters stand, this Court cannot determine whether it, “on the entire evidence, [would have been] left with the ‘definite and firm conviction that a mistake has been committed.’” Id., quoting in part Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997) (further citations omitted) (emphasis supplied); see also, e.g., Diranian v. Diranian, 55 Mass. App. Ct. 605, 608 (2002) and cases cited.
The appeal is dismissed.
So ordered.

 Rule 8C (a) provides in pertinent part that “ [i]f an appeal is not claimed and perfected under Rule 8A or 8B, a par fy may appeal based on the record of proceedings as provided in this rule. The record of proceedings shall consist of a typewritten transcript of the electronic... recording of the proceedings or, where no such record is available, a statement of the evidence.... No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by tire pleadings.” There is no suggestion here that a record of the trial was unavailable.

 That decision concerned whether Saquet was liable for his late mother’s claimed debt to Oakwood in his capacity as the executor of her estate.

 Oakwood apparently filed no requests for rulings of law pursuant to Mass. R Civ. R, Rule 64A(b). As this Court frequently points out, ordinarily the absence of such requests itself would truncate appellate inquiry regarding sufficiency of evidence. See, e.g., Hebshie v. Recchiuti, 2002 Mass. App. Div. 88, 89 and cases cited; Gulbankian v. Harabedian, 2002 Mass. App. Div. 51, 53 and cases cited. Only because the trial judge here chose to make written findings of fact, which he was not required to do under Mass. R. Civ. R, Rule 52(c), was Oakwood deemed not to have waived any issue of appellate consideration of the issue of Saquet’s personal liability. Lindquist, 1999 Mass. App. Div. at 108. Stated another way, the trial judge’s election to issue written findings would have resuscitated Oakwood’s “moribund appellate rights ...” which this court could have assessed had a record been provided. Kulakowski v. Leavitt, 1996 Mass. App. Div. 159, 160 n.3 (1996).