LoConto, P.J.

When the insurer denied his Personal Injury Protection (“PIP”) benefits claim for lost wages, the plaintiff brought this action for breach of contract. After a bench trial, the court found for the defendant, and the plaintiff commenced this appeal. Specifically, the trial judge found that the plaintiff failed to comply with the provisions of G.L.c. 90, §34M, and the policy of insurance with respect to his claim for lost wages. General Laws c. 90, §34M, provides, in part:
Claim for benefits due under the provisions of personal injury protection ... shall be presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from the date of accident, and shall include ... such other information as may assist in determining the amount due and payable.... Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section....
Following an automobile accident on September 11, 2002, the plaintiff, without the benefit of counsel, filed a PIP application with the defendant on or about March 11, 2003. The issue in this appeal is the claim for lost wages. By letter dated March 25,2003, the defendant requested the plaintiff, who was self-employed, to provide a copy of his tax records for 2002, and a disability note from his treating provider. By letter dated December 9, 2003, plaintiffs counsel informed the defendant of its representation of the plaintiff. It was not until June 1, 2006 that plaintiffs counsel submitted supporting documentation from two physicians. One had never seen the plaintiff and responded in a letter dated May 9,2006 only in his capacity of keeper of the records. The other was the plaintiffs primary care physician who ultimately reported that the plaintiff was available to return to light duty work on March 15,2003. By letter dated June 23,2006, the defendant notified plaintiffs counsel that the claim for lost wages would not be honored because the supporting documents were not submitted as soon as practicable, and were not submitted within two years from the date of the accident. Additionally, the defendant informed plaintiffs counsel that even if submitted within two years, the information provided would be insufficient evidence to support the claim for lost wages. The plaintiffs 2002 tax records, which were admitted into evidence at trial, were made available to the defense counsel one week prior to trial on October 7, 2008, more than six years after the motor vehicle accident giving rise to this claim.
*263 The plaintiff contends that the trial judge erred in denying his claim for lost wages by failing to find that the defendant was prejudiced by the plaintiffs late notice of claim to the defendant. He relies on the authority that an insurer “may only deny [coverage] because of the insured’s failure to provide timely notice to the company if that delay materially prejudiced the company.” Pilgrim Ins. Co. v. Molard, 73 Mass. App. Ct. 326, 337 (2008), quoting Lighter v. Lumbermens Mut. Cas. Ins. Co., 43 Mass. App. Ct. 415, 417 (1997). Additionally, the plaintiff asserts that to prove prejudice, the insurer must identify “the precise manner in which its interests have suffered,” Employers Liab. Assur. Corp. v. Hoechst Celanese Corp., 43 Mass. App. Ct. 465, 476 (1977), quoting Darcy v. Hartford Ins. Co., 407 Mass. 481, 486-487 (1990), a requirement the insurer bears the burden of proving. Lighter, supra at 417. We agree with the position taken by the trial judge, and urged by the defendant before us, that this case is not about'an examination of the effects of a late notice of a claim, but about the plaintiffs compliance with the statute and the policy with respect to the timely filing of supporting documents. Section 34M of G.L.c. 90 requires the claimant to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.” It specifically provides that “[n]oncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section.” Likewise, the policy of insurance requires the claimant to notify the insurer promptly of the accident and the loss, and that a failure to do so may relieve the insurer of the obligation to pay any claim.
The law mandates not only when the claim for PIP benefits must be made (as soon as practicable, and within two years from the date of the accident), but also what must be included with the claim (such information as may assist in determining the amount due and payable). The insured’s duty to produce documents pertinent to the claimed loss is “strictly construed as a condition precedent to the insurer’s liability.” Rymsha v. Trust Ins. Co., 51 Mass. App. Ct. 414, 417 (2001), quoting Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995). Both the statute and the insurance policy established the plaintiff’s obligations. The failure to provide the necessary documents pertinent to the claim is a legally sufficient reason to deny the claim. Id.
The plaintiff submitted his PIP application on March 11, 2003, without any supporting documents. The defendant’s request requiring the plaintiff to submit copies of tax returns and a disability note from a treating provider was ignored until June 1, 2006, well after counsel was hired in December, 2003, and even then no complete copy of relevant tax returns were submitted until one week prior to trial. Even assuming that the defendant was required to demonstrate that it suffered actual prejudice from the plaintiff’s noncooperation, the record contains sufficient evidence to support the trial judge’s finding that the defendant was prejudiced. The plaintiff’s refusal to furnish the reasonably requested pertinent information put the defendant “in the untenable position of either paying the claim without question and without any means by which to investigate its validity or being sued for breach of contract.” Id. at 418. We are persuaded by the defendant’s argument that the plaintiffs inaction resulted in the kind of prejudice that is self-evident and sufficient.
Judgment for the defendant is affirmed.
So ordered.