Per Curiam.
The plaintiff, Attorney John P. Donovan (“Donovan”), filed this pro se appeal of a directed verdict entered against him following an October 9,2008 jury-waived trial in the Stoughton Division of the District Court Department. There was no error.
This action by Donovan arose out of his fee dispute with the defendant, Attorney Brian F. Mahoney (“Mahoney”). In 2003, the parties executed a written “Referral Fee Agreement” that provided for Donovan’s referral of personal injury and workers’ compensation cases to Mahoney, and for Mahoney’s payment to Donovan of one-third of the attorney’s fee Mahoney received from the settlement or collection of a judgment in a referred case, plus Donovan’s costs. Donovan later assigned the case of one Daniel Donovan (“Daniel”) to Mahoney, who subsequently referred it to an Attorney Cloherty (“Cloherty”). Cloherty settled Daniel’s case, received a fee of $40,000.00, and paid Mahoney $13,000.00 for his referral. In compliance with the parties’ 2003 agreement, Mahoney then paid $5,214.00 to Donovan, more than the one-third amount to which Donovan was entitled. Donovan filed this action for alleged breach of contract by Mahoney, claiming that the referral agreement did not permit Mahoney to refer a case received from Donovan to a third attorney, and that Donovan was entitled to one-third of Cloherty’s fee.
In the first round of this case, summary judgment was entered in favor of Donovan, and Mahoney appealed to this Appellate Division. In an opinion issued on February 5,2008, see Donovan v. Mahoney, 2008 Mass. App. Div. 41, we vacated the summary judgment for Donovan on the ground that the evidence clearly did not permit a judgment for Donovan as a matter of law, if at all. Specifically, we noted that Donovan agreed that the parties’ written “Referral Fee Agreement” of 2003 was unambiguous; that the agreement did not prohibit Mahoney from referring to a third lawyer any case referred to him by Donovan; and that Mahoney fully complied with the agreement by paying Donovan one-third of the fee he received from the third lawyer (Cloherty). Id. at 42. Donovan was not entitled to any more, and his claims based on his unilateral intentions and expectations about the parties’ referral *5 arrangement, which were never included as terms of their actual written referral agreement, were irrelevant.
The case was returned to the trial court, where it proceeded to a jury-waived trial before a second judge. At the close of the evidence, the judge allowed Mahoney’s motion for a “directed verdict” and judgment was entered in his favor.
Donovan filed this appeal pursuant to Dist/Mun. Cts. R. A. D. A, Rule 8C, arguing that the trial court’s “directed verdict” was error because the trial judge improperly considered issues of credibility in assessing the sufficiency of Donovan’s evidence.[2] Despite his election to proceed under Rule 8C on the “record of proceedings” and his charge of error in the courf s ruling on the trial evidence, Donovan chose not to order and file a transcript in this case. That decision amounted to a fatal failure to provide the trial court record necessary for any appellate consideration of his allegations of error.
1. It is elementary that the burden is on the appellant to prepare and furnish an adequate trial court record for review on appeal. Oakwood Living Ctrs. v. Saquet, 2003 Mass. App. Div. 98, 99. Having chosen to proceed under Rule 8C, Donovan was obligated to file a record appendix consisting of not only all relevant pleadings, motions, findings, and rulings, but also a transcript of the trial court proceedings at issue. See generally Rosenthal v. Colonna, 1996 Mass. App. Div. 111, 112. A transcript is an essential, integral component of the record appendix in almost all Rule 8C appeals. Lashus v. Slater, 2009 Mass. App. Div. 89, 91-92; Frankston v. Ferme, 2007 Mass. App. Div. 203, 204. Generally, a party may proceed on a Rule 8C appeal without a transcript only when the issues on appeal are “raised solely by the pleadings.” *6 Rule 8C(a). See Wine v. Wu, 1996 Mass. App. Div. 157, 158-159.[3] As the trial evidence, Mahoney’s “directed verdict” motion, the judge’s denial of that motion, and the judge’s alleged comments at a postjudgment hearing did not constitute “pleadings,” Donovan was not permitted to proceed under Rule 8C without a transcript.
In lieu of obtaining the necessary transcript, Donovan improperly elected to file what he has characterized as a Rule 8C(e) statement of proceedings, and an “addendum” to that statement. Rule 8C(e) expressly provides, however, that a statement of evidence may be substituted for a transcript only when a report of the evidence has not been made, or an actual transcript cannot be obtained. See 402 Rindge Corp. v. Tsao, 2002 Mass. App. Div. 30, 31 n.3 (transcript precluded by defective courtroom trial tape). There is nothing in the meager record before us, including any representation by Donovan, to suggest that a transcript could not have been prepared. Second, a Rule 8C(e) statement cannot be used under any circumstances for any purpose unless it has first been reviewed and approved by the trial court judge. Davis v. Douglas, 2008 Mass. App. Div. 249, 250. Donovan concedes in his “addendum” to his failed Rule 8C(e) statement that Mahoney objected to the contents of his statement, that a hearing was held by the trial judge, and that there was no “agreement as to the proceedings between the parties.” Further, not even Donovan suggests that the judge ever approved the statement, and it has not been included in the record.
Donovan instead argues in his brief that the trial judge ruled that Donovan’s “addendum should be included in the documents forwarded to the Appellate Division.” Again, there is absolutely no support for this statement in the record. In fact, it may be inferred from the record that the trial judge did not even review Donovan’s addendum, much less approve it. The addendum is Donovan’s personal version of what allegedly transpired at the March 11,2011 hearing on his failed statement of proceedings, and includes Donovan’s description of an alleged brief exchange at that hearing between the judge and Donovan relative to the judge’s disbelief of certain trial testimony by Donovan. The addendum, which is undated, was clearly drafted sometime after the March 11 hearing. The case was transmitted to this Appellate Division on March 14, 2011, and there is no indication on the trial court docket of any submission of the addendum to the trial court by Donovan between March 11 and March 14,2011, or any review or approval by the trial judge.
In the absence of a transcript of the March 11, 2011 hearing and of the trial evidence, Donovan cannot satisfy his appellant’s burden of establishing error in the judge’s allowance of Mahoney’s directed verdict motion. For that reason alone, Donovan’s appeal must be dismissed. Holyoke Med. Ctr. v. George, 2011 Mass. App. Div. 30, 33; Revere Hous. Auth. v. Chouchos, 2008 Mass. App. Div. 163, 164.
2. While substantive review of the allowance of Mahoney’s motion cannot be undertaken on the basis of the inadequate record prepared and filed by Donovan, it is essential to note, once again, that Donovan’s claim in this now eight year old case is for breach of a contract term that was never included in the written contract signed by the parties.
*7 Donovan has now “stipulated” in his brief that Mahoney is a competent attorney, well versed in workers’ compensation claims like Daniel’s and in personal injury cases; and that Mahoney referred Daniel’s case to Cloherty based on the best interests of his client, Daniel. Donovan has further stipulated that Mahoney was not obligated to consult with him in any way once Mahoney undertook representation of Daniel, and was not required to reassign the case to him at any point; and that any such requirements would have been unenforceable once Mahoney became Daniel’s attorney. Neither party has contended that their written fee agreement is ambiguous; and no provision of that agreement prohibits Mahoney from referring a case received from Donovan to another attorney. Despite these unequivocal facts, Donovan states in his brief that “[t]he only issue is whether by referring the case of Daniel Donovan to another attorney without the knowledge or consent of [Donovan], [Mahoney] violated the terms of the written contract which [Mahoney] had drawn up.” The answer to that question, based solely on the written fee agreement itself, has to be no. The credibility of Donovan’s assertions that it was never his intent for Mahoney to refer cases to other attorneys, and that he had wanted the agreement to reflect that intent, are irrelevant under the parol evidence rule. Donovan, an experienced attorney, signed the fee agreement in question. Under the parol evidence rule, a rule of substantive law, “written agreements may not be varied or added to by parol evidence of antecedent or contemporaneous negotiations. ...” Sound Techniques v. Hoffman, Inc., 50 Mass. App. Ct. 425, 429 (2000), quoting Kessler Shoe Co. v. Philadelphia Fire & Marine Ins. Co., 295 Mass. 123, 129 (1936).
Appeal dismissed.
So ordered.

 Neither party has briefed, argued or even referenced the point that a “directed verdict’ motion is an anomaly in a district court jury-waived civil trial, and that Mahoney’s motion was instead one for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41 (b) (2). Estate of Marie Bryant v. Bryant, 2010 Mass. App. Div. 160, 161 n.4. A judge may decide a Rule 41(b) (2) motion filed, as in this case, at the close of the plaintiff’s evidence either “(1) on a strictly legal basis, by utilizing the directed verdict standard to determine whether the evidence establishes a prima facie case for the plaintiff; or (2) as the trier of fact, by assessing the credibility and weight of the evidence to determine if a preponderance favors the plaintiff.” Parks v. Ricciardi, 2005 Mass. App. Div. 107, 107-108. See also DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 50. Both parties have proceeded on the basis that the trial judge utilized the first approach and allowed Mahoney’s motion on the basis of the legal insufficiency of Donovan’s evidence, a view with which we concur given the content of Mahoney’s written motion and the trial judge’s one-sentence allowance of the same. Whether the trial judge’s Rule 41(b) (2) written ruling was adequate has not been raised or briefed by Donovan on this appeal, and is thus waived. Dist./Mun. Cts. R. A. D. A., Rule 16(b) (4). See Patel v. Amresco SBA Holdings, Inc., 69 Mass. App. Ct. 192, 197 (2007). We note only that Donovan’s sole argument on this appeal that the judge improperly blended the Rule 41(b) (2) alternative standards by determining credibility would have been easily eliminated if the trial judge had added a single sentence clearly stating that he was not basing his legal ruling on the weight or credibility of the testimony.

 Although not relevant to this appeal, we note that a transcript may also be unnecessary when the issue for appeal arose from a dispositive pretrial motion (e.g., summary judgment or dismissal for failure to state a claim for relief) that was decided on the parties’ documentary submissions without an evidentiary hearing.