Coven, J.
In this appeal from a summary process action in which the trial judge, after a bench trial, made a written conclusion based on clear and convincing evidence that the termination of the tenancy of David Pressman (“Pressman”) by Jefferson at Admiral Hill Ltd. Partnership was not unlawful, we are unable to address the merits of Pressman’s claims and dismiss the appeal.
This appeal[1] raises the issues of (1) the trial judge’s conclusion that the termination of Pressman’s tenancy was not in retaliation for protected activity; (2) whether the trial judge, as characterized by Pressman, did not personally like the retaliation law; and (3) whether the trial judge prevented Pressman from presenting his case. Pressman, proceeding pro se, has failed to provide a copy of the trial transcript, and we are therefore unable to assess his claims.[2]
*64 “It is elementary that the burden is on the appellant to prepare and furnish an adequate trial court record for review on appeal.” Donovan v. Mahoney, 2012 Mass. App. Div. 4,5. Pressman’s claims cannot be evaluated in the absence of a transcript of the trial. The trial judge’s ultimate conclusion that the termination of Pressman’s tenancy was not in retaliation for his protected tenant activity can be reversed only if there existed no subsidiary facts to support that finding. Buster v. George W. Moore, Inc., 438 Mass. 635, 642-643 (2003). That examination can be accomplished only by a review of the trial transcript.[3] Likewise, a court of review cannot make a meaningful examination into the alleged bias of a trial judge or of a claim that a trial judge prevented a party from presenting evidence unless a transcript is presented for review.
Appeal dismissed.
So ordered.

 The docket sheet indicates that Pressman filed a notice of appeal on the record of the proceedings, Dist./Mun. Cts. R. A. D. A., Rule 8C, but filed a notice of appeal on an agreed statement of facts, see Rule 8B, simultaneous with the transfer of the appeal to this Division. Because the conclusion wereach would not result in a differ* ence as to what type of appeal is before us, we do not need to resolve the issue.

 The Legislature has provided protection to tenants in this Commonwealth who seek to enforce protected rights under health or housing laws from reprisals by their landlords through both G.L.C. 239, §2A and G.L.c. 186, §18. The former statute, G.L.c. 239, §2A, makes retaliatory eviction a defense in a summary process action. It applies, inter alia, when a tenant has taken any step “to obtain damages under or otherwise enforce, any federal, state or local law, regulation, by-law, or ordinance, which has as its objective the regulation of residential premises,... or reporting a violation or suspected violation of law as provided in section eighteen of chapter one hundred and eighty-six.” The statute mandates that a landlord’s commencement of a summary process action, service of a notice to quit, or significant alteration of the terms of the tenancy within six months of the tenant’s action “shall create a rebut-table presumption that such summary process action is a reprisal against the tenant *64 for engaging in such activities.... Such presumption may be rebutted only by clear and convincing evidence that such action was not a reprisal against the tenant and that the plaintiff had sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time the action was taken, even if the tenant had not commenced any legal action, made such report or engaged in such activity.” Unlike G.L.c. 239, §2A which makes retaliatory eviction a defense, G.L.c. 186, §18 prescribes monetary penalties against a landlord for such reprisal. Like G.L.c. 239, §2A, G.L.c. 186, §18 also creates a “rebuttable presumption” that action by the landlord within six months of the tenant’s complaint or report constitutes unlawful retaliation, which can be overcome only by “clear and convincing” proof by the landlord that he had an independent and justifiable basis for his eviction or other actions. Because Pressman has not provided us with a proper record, we need not dwell on what is exactly at issue.

 The trial judge in written findings stated: “The Court finds that [Pressman’s] conduct around the unit and repeated violations of the rules of the [landlord] were disruptive and these were the basis of the decision of the [landlord] to terminate [Pressman’s] tenancy.” This, too, cannot be evaluated in the absence of a transcript.