Greco, PJ.
The plaintiff, David J. Segal (“Segal”), as Trustee of 20 Old Quennie Realty Trust, sought to evict the defendant, Edward Jamron (“Jamron”), from a single-family dwelling owned by the Trust. The basis for the eviction was nonpayment of rent. Jamron counterclaimed, alleging retaliation, breach of warranty, unfair and deceptive practices under G.L.c. 93A, and emotional distress. After a jury-waived trial, the trial judge found for Segal, both on his complaint and the counterclaims. Jamron has appealed, and he has filed a brief in support of that appeal. Segal has filed no brief in opposition. In his expedited appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A, Jamron made it clear that his appeal related to the denial of his motions to dismiss on the ground that Segal had served him with consecutive notices to quit.
Jamron’s counsel has not supplied this Division with a transcript of the proceedings in this case. See Flores v. Castaldi, 2013 Mass. App. Div. 121, 122, citing Donovan v. Mahoney, 2012 Mass. App. Div. 4, 5 (“appellant’s burden to prepare and furnish adequate trial court record for review on appeal”). Thus, in our analysis of the facts, we have only the findings of the trial judge and the notices to quit submitted by Jamron.
The two notices to quit were placed in evidence, one dated January 23, 2012, and the other dated March 9,2012. Both were based on the failure to pay rent and having a pet on the premises, which was not approved by the landlord.[3]
In his memorandum of decision, the trial judge found the following facts. Jamron has occupied the dwelling in question since 2009 and pursuant to a one-year lease dated September 1, 2011. In December, 2011, there was “an unexpected and unanticipated blockage in a portion of a clay sewer pipe located under the porch/deck.” As a result, sewage waste was carried “from the dwelling to the septic tank.” Jamron notified the board of health, whereupon “Segal caused the problem to be corrected *68 the next day... in a good and workmanlike manner to the satisfaction of the Board.” The board also found, however, that “it was necessary for Segal to remove some plywood, which blocked access from the cellar to the bulkhead”; and that “it was necessary for Segal to fill some openings in the field rock foundation and prevent any field mice from entering into the structure.” The trial judge found that both of these problems “were timely corrected by Segal to the satisfaction of the Board of Health,” and that “neither of the items affected Jamron’s habitability.” The court also found that Jamron was “uncooperative in allowing the contractors to access the property,” and that he “obstructed the implementation of said repairs and delayed the corrective action.” The court further found that the defendant’s testimony about other issues was not credible. Specifically, the court found that Jamron “did not sustain his burden of proof as to his alleged counterclaims, including, but not limited to retaliation, breach of any warranties, violation of G.L., chapter 93A, or any claims involving alleged emotional distress.”
As to the notices to quit, the court ruled that the original notice was not defective, that the second notice for nonpayment of rent did not void the original notice, that “the two notices to quit were both for nonpayment and were consistent with each other,” and that “Jamron knew that the basis for the requested eviction throughout the proceedings was nonpayment of rent.” Accordingly, the court entered judgment against the defendant “for possession and damages in the amount of $26,124.00 [$1866.00 per month x 14 months] plus interest and costs.” On the counterclaims, judgment entered for Segal.
Based on Jamron’s brief, it would appear that the only issue he raises is whether the first notice to quit was voided by the second notice and, if so, whether Segal was again required to serve Jamron with a new summary process summons and complaint after the second notice, and whether Segal’s failure to do so required that the case be dismissed.[4]
Jamron argues that “[t]he service of the second notice to quit act[ed] as an admission that the tenancy still existfed],” and that he “had the right to assume that he had at least 14 days after the receipt of the second notice to pay the rent claim to be due or else [Segal] would initiate a Summary Process action.” He further argues that “[w]here no Summary Process action followed the service of the second notice, the Summary Process action” had to be dismissed. In support of the above argument, he relies on Nichiniello v. Akerly, No. 9010CV0901 (Dist. Ct. Dep’t, Somerville Div. Oct. 30,1990), a 1990 Somerville District Court decision. His reliance on that case is misplaced, however. In Nichiniello, the landlord served the tenant with a 30-day notice to quit. That notice was not based on the tenant’s failure to pay rent. Unlike in the case at bar, the second notice to quit, which was for 14 days, was issued prior to the expiration of the 30-day period. Moreover, it was based on the “refusal to pay rent.” That being the case, the court concluded that the landlord, “by electing to send the second notice, even before the expiration of the 30-day period pursuant to the first notice,... waived her rights to pursue a summary process action pursuant to the first notice and must proceed pursuant to the second notice.” In the case at bar, *69 however, the second notice was sent substantially after the time that the first notice, i.e., 14 days, had expired, and still sought the payment of rent, although adding the two additional months that had not been paid in the meantime. Clearly then, Segal was not waiving any of the rent due. Nor did Segal accept any moneys after the first notice that could have been construed as reinstating the tenancy. In these circumstances, the second notice served simply to alert Jamron that the amount of rent due continued to increase.
Judgment affirmed.
So ordered.

 The second notice sought an additional two months’ rent.

 In any event, the trial judge’s findings made it clear that there was no merit to the defendant’s counterclaims.